J. A. CONN ET AL. v. ROY F. CAMPBELL, DISTRICT JUDGE.

No. 5447. Decided February 19, 1930.

(24 S. W., 2d Series, 813.)

*John B. Warren,* for relators.

The Harris County District Court having first acquired jurisdiction over the parties and the subject matter of the suits, has the right, exclusive of all other co-ordinate courts, to proceed to trial and determine all issues between the parties. Cleveland v. Ward, 116 Texas, 1.

The District Court of Harris County, having first acquired jurisdiction over the parties and subject matter of the two suits, the District Court of Orange County in cause No. 5870 has no jurisdiction, and all of its orders and proceedings are void. Cleveland v. Ward, 116 Texas, 1.

The action of the Court of Civil Appeals in granting the writs of prohibition applied for by the appellees on the appeal of the relators from the interlocutory orders of the District Court of Orange County was an original proceeding. The relators had no appeal or right of appeal from the action of the Court of Civil Appeals in refusing to vacate their writs of injunction and writs of prohibition.

City of Houston v. City of Palestine, 114 Texas, 306; Long v. Martin, 285 S. W., 1075.

In this case the District Court of Harris County has been unable to protect its jurisdiction by the issuance of a writ of injunction, because of the prohibitory writs issued by the Court of Civil Appeals. There is no remedy left to the relators to secure a trial of the Harris County suit other than this petition for a mandamus.

*Roy F. Campbell, Oswald S. Parker, E. L. Reid, Hollis M. Kinard, John E. Green, Jr., P. O. Settle* and *Geo. P. Dougherty* for respondents.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is an original mandamus proceeding primarily involving a conflict of jurisdiction between the District Court of Orange County, Texas, and the District Court of Harris County, Texas. The record, including the pleadings in this court, and the exhibits filed herein comprises several hundred pages, and we cannot state all of the pleadings and proceedings had in the two district courts and the pleadings and exhibits here without making this opinion unduly extended. We shall therefore content ourselves with a sufficient statement to make clear our holding.

On July 29, 1926, John B. Warren filed a suit in the District Court of Harris County, Texas, against Gulf Production Company and Gulf Pipe Line Company, both corporations, to recover judgment against said corporation defendants fixing and establishing his rights and title to certain oil royalties, for damages, interest and costs of suit. The suit in Harris County was styled John B. Warren, No. 125,458 v. Gulf Production Company et al. Warren's right to recover in the Harris County suit was predicated primarily on two alleged written irrevocable powers of attorney, coupled with an interest, alleged to have been executed and delivered to him by certain parties whom we designate Granger heirs, dated December 4, 1920, and December 5, 1921, respectively. Later Warren filed his first amended petition; then later a second amended petition; and still later a third amended petition. On November 8, 1927, J. A. Conn intervened in the Harris County suit claiming an interest in the subject matter of the litigation, by reason of a written conveyance, and later Conn filed an amended petition. We do not think it necessary to further state the contents of the Conn petitions.

The corporation defendants in the Harris County suit filed original, and several amended answers and bills of interpleader, and interpleaded the Granger heirs thereby making them parties to the Harris County suit. After the filing of the Harris County suit, and after the Granger heirs had been made parties thereto by the interpleaders of the two corporation defendants, and after other proceedings which we do not think necessary to mention they, the Granger heirs, filed a separate and independent suit in Orange County, Texas, styled Sarah Jane Granger, Guardian, et al. v. John B. Warren et al., No. 5870, wherein they sought to recover of the defendants in the latter suit, such defendants being plaintiff, intervener, and the corporation defendants in the Harris County suit, the identical moneys and royalties involved in the Harris County suit, predicating their right of recovery in the Orange County suit on the alleged invalidity of the two powers of attorney and conveyance, made the basis of the claims of plaintiff and intervener in the Harris County suit, and seeking to cancel and annul these powers of attorney and conveyances.

Later the plaintiffs in the Orange County suit filed their first amended petition basing their right to recover substantially upon the same grounds as in their original petition, and prayed for an injunction. On the plaintiff's first amended petition in the Orange County suit, and the answer and a cross bill by Mose Granger et al., in the latter cause, the District Judge of Orange County granted an injunction, and appointed a receiver. By this writ of injunction the relators were enjoined from prosecuting the Harris County suit, and a receiver was appointed to take charge of the subject matter of that cause. This injunction and order appointing a receiver was granted in vacation without notice and without a hearing. The relators here, who were plaintiff and intervener in the Harris County suit, appealed from the order granting the injunction, and appointing a receiver to the Court of Civil Appeals for the 9th. district at Beaumont. Also, on the return day of the Orange County District Court the relators here filed in the Orange County District Court their plea in abatement, setting up the pendency of the Harris County suit. This plea in abatement was overruled by the District Court of Orange County. Relators appealed from the order of the District Court of Orange County granting an injunction and appointing a receiver but the judgment of the Orange County District Court was affirmed by the Court of Civil Appeals at Beaumont

without an opinion, and thereafter said court overruled relators' motion for rehearing.

The Harris County suit, No. 125,458, was set down for trial on its merits April 16, 1928, but the Court of Civil Appeals at Beaumont, issued a writ of prohibition and injunction, enjoining and prohibiting the relators and the Honorable Roy F. Campbell, District Judge of Harris County from further proceedings in the Harris County suit. All of the proceedings in the Harris County suit were then suspended until it was set for trial on its merits for February 26, 1929. Also the plaintiff and intervener in the Harris County suit, who are relators here, filed in that suit their petition for an injunction to enjoin further prosecution of the Orange County suit. The alleged grounds of this application for injunction were that the plaintiffs and cross plaintiffs in the Orange County suit had been duly interpleaded in the Harris County suit, and that the subject matter of the two suits were substantially the same, and inasmuch as the District Court of Harris County had prior jurisdiction over the parties and subject matter relators were entitled to an injunction to prohibit the plaintiffs and cross plaintiffs, and the Gulf Production Company, Gulf Pipe Line Company and also the Humble Oil & Refining Company from prosecuting the Orange County suit. The Judge of the District Court of Harris County, 55th judicial district, to whom this petition was presented, entered an order against the parties to said Orange County suit, requiring them to show cause on a date named, why the injunction should not be granted. The Court of Civil Appeals at Beaumont then issued a writ of prohibition and injunction enjoining the relators, and the District Judge of Harris County from proceeding further in the Harris County suit. It will thus be seen that notwithstanding the fact that the District Court of Harris County had first obtained jurisdiction of the subject matter of the litigation in the two suits, and substantially all the parties, the plaintiff and intervener, and the corporation defendants, in the Harris County suit, together with the district judges of Harris County are prevented by the several injunctions and prohibitory writs from proceeding in any way with the Harris County suit.

As above stated there are many instruments and proceedings filed with the record here which we have not mentioned, but we think we have made a sufficient statement to show the controlling issues involved in the instant proceeding.

Also we think it proper to state that we gather from the record that the Court of Civil Appeals at Beaumont filed no written opinion

in the case involving the appeal from the District Court of Orange County, Texas, and we are therefore not informed as to what theory that court acted on in affirming the orders and decrees of the District Court of Orange County.

In granting the permission to file the petition for mandamus in the Supreme Court, that court entered an order restraining the plaintiffs in the Orange County suit from procuring any orders whatever in that cause until otherwise ordered by the Supreme Court. Thus it is seen that no proceedings can now be had in either suit until the Supreme Court finally decides the issues involved in the instant proceedings.

Under the statement above, and the proceedings and facts disclosed by the record before us, we are of the opinion that the District Court of Harris County, Texas, first acquired jurisdiction of the parties and subject matter of the two suits, and therefore the District Court of Orange County, Texas, had no jurisdiction whatever in the premises. It follows that since the District Court of Orange County has no jurisdiction in the premises all of its orders and decrees are void. Cleveland v. Ward, 116 Texas, 1, 285 S. W., 1063. (Sup. Ct.)

When the first suit was filed in Harris County against the corporation defendants, predicated on the rights asserted under the two powers of attorney and after those who had executed such powers of attorney had been interpleaded in the Harris County suit, and the issues then made, the jurisdiction of the Harris County district court attached, with power to permit proper pleadings to be filed, amended, amplified, and such new parties made as are proper and necessary to determine the essential questions involved, and to do all things with reference to the rights of the parties, and the matters in litigation, or properly to be put in litigation which are authorized by the constitution, and laws of this State, or permitted in district courts under established principles of law. Cleveland v. Ward, supra.

To our minds it is too plain for argument, that under the facts shown by this record the District Court of Harris County, by the petitions of relators and intervener, and the answers and bills of interpleader of the corporation defendants, had obtained prior jurisdiction over the subject matter, and parties involved in both suits, with full power to hear and determine all issues in dispute in both suits, and that both suits involved substantially the same parties and subject matter. It is further plain that all of the issues involved in the Orange County suit had already been put in litigation

in the Harris County suit. Under such circumstances the District Court of Harris County had exclusive jurisdiction, and the suit in Orange County ought to be abated, and all parties interested required to assert such rights as they desire to litigate in the Harris County suit. Certainly the jurisdiction of the Harris County District Court having attached cannot be taken away or arrested by the filing of a subsequent suit involving substantially the same parties and subject matter in another county. Cleveland v. Ward, supra.

An examination of the pleadings of the plaintiff in the Orange County suit will disclose that they cannot recover in that suit until and unless they succeed in cancelling the powers of attorney, coupled with an interest, granted by the plaintiffs in the Orange County suit to John B. Warren, and the conveyance made by them to relators. The very purpose of the bill of interpleader in the Harris County suit is to require the parties who are plaintiffs, and cross plaintiffs, in the Orange County suit to assert their rights regarding these very matters in the Harris County suit. It follows that the two suits involved substantially the same subject matter and parties, and all relief sought in Orange County was already before the Harris County district court or should properly be litigated there, because the District Court of Harris County had first acquired jurisdiction to determine the rights of the parties, and the validity of the powers of attorney coupled with an interest, and conveyance that are sought to be cancelled and held for naught in the Orange County suit. The relators here, who are plaintiff and intervener in the Harris County suit, cannot recover in that suit unless and until they have established the validity of such instruments, which instruments are the very basis of the Harris County suit. Likewise, the plaintiffs and cross plaintiffs in the Orange County suit, being substantially the same parties interpleaded in the Harris County suit, cannot recover in the Orange County suit until and unless the above mentioned instruments have been annulled. Thus substantially the same result is sought in each suit. A judgment for either party in the Harris County suit would be *res adjudicata* of the matters in dispute in both suits. Under such a record the Harris County suit should be allowed to proceed and the Orange County suit abated.

From what we have said it follows that we are of the opinion that since the District Court of Orange County, Texas, is and was without jurisdiction in the premises, all of its orders and decrees above mentioned, are void; and that being the case all injunctions and prohibitory orders and decrees of the Court of Civil Appeals are likewise void. Cleveland v. Ward, supra.

Finally we will say that in the opinion of the Commission the holdings of the Supreme Court in Cleveland v. Ward, supra, apply with all their force to the facts and issues of the case at bar.

We therefore recommend that the following judgment be entered by the Supreme Court:

1. That Judge Roy F. Campbell, district judge of Harris County, Texas, be directed to proceed with the trial of cause No. 125,458, pending in Harris County;

2. That Judge W. C. Ramsey, district judge of Orange County, Texas, and all parties to cause No. 5870, pending in Orange County, be enjoined from further proceedings in that cause except to dismiss and abate the same;

3. That the order of the District Court of Orange County, Texas, appointing a receiver in Cause No. 5870, and all injunctions and prohibitory orders and decrees of that court and the Court of Civil Appeals at Beaumont, be vacated; and

4. That the judgment of the Supreme Court be certified to all proper parties for observance.

The opinion of the Commission of Appeals is adopted, and the mandamus and other writs awarded as recommended by the Commission of Appeals.

*C. M. Cureton,* Chief Justice.