**George W. OWENS, as Executor of the Estate of Polly D. Owens A/K/A Lou Emma Drisdale Owens, Relator,**

v.

**The Honorable Louis M. MOORE, Judge of the 281st District Court, Harris County, Texas, Respondent.**

No. 01–89–00881–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 14, 1989.

John M. Pinckney, III, Matthews & Branscomb, San Antonio, for relator.

William D. Wood, Fulbright & Jaworski, Houston, for respondent.

Before SAM BASS, DUGGAN and HUGHES, JJ.

OPINION

PER CURIAM.

Relator, George W. Owens, executor of the estate of Polly D. Owens, asks this Court to order respondent to dismiss the underlying litigation for want of jurisdiction.

Relator filed a plea to the jurisdiction contending that the 281st District Court of Harris County has no subject matter jurisdiction over claims asserted in the underlying litigation, which was filed in 1987, by the real party in interest, Sally D. Dobbins. He based his plea to the jurisdiction on the assertion that an "ancillary probate matter" is pending in the constitutional County Court of Val Verde County, which granted relator's application for "ancillary independent administration and issuance of letters testamentary" under Tex.Prob.Code Ann. §§ 5, 5A (Vernon Supp.1989). The claims

asserted by Dobbins in the Harris County Court have not been asserted in the Val Verde Court. The respondent conducted a hearing on July 28, 1989 and in an August 30, 1989 written order, overruled relator's plea. Relator contends that respondent abused his discretion in overruling the plea to the jurisdiction.

This Court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985); *Iley v. Hughes*, 158 Tex. 362, 367, 311 S.W.2d 648, 652 (1958). The denial of relator's plea to the jurisdiction is such an incidental ruling. *Abor*, 695 S.W.2d at 567; *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969).[1]

Relator relies upon *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974), to support his contention that mandamus is authorized in this case. *Curtis* involved a child custody dispute. The father filed a petition for a change of custody in the District Court of Bowie County. A month later, in the Domestic Relations Court of Dallas County, the mother filed a petition to remove restrictions on her custody rights and to increase the father's child support payments. The Bowie court issued a writ of attachment ordering that the children be returned to Bowie County. The Dallas court then issued an order suspending the Bowie court's writ of attachment and forbidding the sheriff from executing it. The father then filed an original proceeding in the supreme court seeking writs of mandamus and prohibition directing the Dallas court to abate the mother's suit and vacate the order suspending the Bowie court's writ of attachment. In granting mandamus relief, the supreme court concluded:

> [T]he Bowie court first acquired jurisdiction of the controversy between the par-

ties and therefore retained dominant jurisdiction to the exclusion of other courts. [The Dallas court] had no right to interfere with the actions or orders of [the Bowie court], or to take any other action with respect to the suit filed in Dallas except to sustain the plea in abatement and to dismiss the suit.

511 S.W.2d at 265.

In *Abor*, the supreme court distinguished *Curtis* when it refused to issue a writ of mandamus compelling the trial court to vacate its order overruling relator's plea in abatement, which asserted that the real party in interest's suit for declaratory judgment was not authorized by the declaratory judgment act. The court noted:

> The distinction in *Curtis* is that one of the courts had enjoined the other court from proceeding. While the language of *Curtis* could have been more precise, we decline to grant mandamus relief here because there is no conflict of jurisdiction. No injunction has been granted in this case nor has any order which actively interferes with the exercise of jurisdiction in the Harris County District Court.

695 S.W.2d at 567.

Likewise, in the case before this Court, the record does not reflect that respondent enjoined the Val Verde court in any way or entered an order actively interfering with the jurisdiction of the Val Verde court. Nor did relator show that the Val Verde court acquired jurisdiction of the controversy between the parties before the Harris County court. In fact, relator's petition shows that the Harris County litigation was commenced before the Val Verde litigation. Thus, relator has shown no conflict in jurisdiction between the two courts that makes the holding in *Curtis* applicable to the case before this Court.

---

1. In *Pope v. Ferguson*, the court explained the policy reasons behind limitations on issuance of writs of mandamus:

   There is sound reason why appellate courts should not have jurisdiction to issue writs of mandamus to control or to correct incidental rulings of a trial judge when there is an adequate remedy by appeal. Trials must be orderly; and constant interruption of the trial process by appellate courts would destroy all semblance of orderly trial proceedings.... Having entered the thicket to control or correct one such trial court ruling, the appellate courts would soon be asked in direct proceedings to require by writs of mandamus that trial judges enter orders, or set aside orders, sustaining or overruling (1) pleas to the jurisdiction....

In light of the record before this Court, we hold that *Curtis* is not controlling; that respondent's order overruling relator's plea to the jurisdiction is an incidental trial ruling; that relator has not shown that an appeal is not an adequate remedy; and that this Court lacks jurisdiction to issue a writ of mandamus. *Abor,* 695 S.W.2d at 567; *see also Farah v. Fashing,* 666 S.W.2d 341, 343 (Tex.App.—El Paso 1984, orig. procceding) (mandamus relief was denied because relator had an adequate remedy by appeal to challenge the granting of a plea to the jurisdiction). *Contra Qwest Microwave, Inc. v. Bedard,* 756 S.W.2d 426 (Tex.App.—Dallas 1988, orig. proceeding).

We overrule relator's motion for leave to file a petition for writ of mandamus.