**TEXAS COMMERCE BANK, N.A., Relator,**

v.

**The Honorable Emil Karl PROHL, Respondent.**

**No. 04–91–00627–CV.**

Court of Appeals of Texas, San Antonio.

Jan. 9, 1992.

Rehearing Denied March 3, 1992.

J. Robert Forshey, Barbara G. Heptig, Cantey & Hanger, Fort Worth, Scott F. Monroe, Harris & Monroe, P.C., Kerrville, for relator.

Adam Morriss, Richard C. Mosty, Wallace, Mosty, Machann, Jackson & Williams, Kerrville, for respondent.

Before CHAPA, BIERY and GARCIA, JJ.

## OPINION

CHAPA, Justice.

Relator seeks this court to issue a writ of mandamus compelling the district court of Kerr County to vacate his order denying relator's plea in abatement and to enter an order abating and dismissing the suit in his court. We deny relator's petition.

Relator (Texas Commerce Bank) filed suit in Tarrant County, Texas, against the real parties in interest, Mr. and Mrs. Hickey (a divorced couple), to have certain property that had been awarded to Mrs. Hickey in her divorce decree declared to be subject to satisfying relator's claims against Mr. Hickey. Mr. and Mrs. Hickey's motion to transfer venue of this suit to Kerr County was overruled. The Hickeys then filed their own suit in Kerr County, seeking a declaration that the assets awarded in the divorce are Mrs. Hickey's separate property. Relator filed a motion to abate this suit because it involved the same parties and issues as those raised in the Tarrant County suit—thus giving the Tarrant County district court exclusive dominant jurisdiction as the court first obtaining jurisdiction over the parties and issues. The Kerr County district court overruled relator's plea in abatement. This court granted relator's motion for leave to file its petition for writ of mandamus and stayed the trial court from taking any further action in the case pending the outcome of this proceeding.

Mandamus is generally not available to control the incidental rulings of a trial court, such as rulings on pleas in abatement. *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex.1991); *Abor v. Black*, 695 S.W.2d 564, 566–67 (Tex. 1985); *Trapnell v. Hunter*, 785 S.W.2d 426, 429 (Tex.App.—Corpus Christi 1990, orig. proceeding). The writ will not issue if the relator has another adequate remedy, even if relator were entitled to the action sought as a matter of law. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990); *Abor v. Black*, 695 S.W.2d at 566; *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969), *cert. denied*, 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970).

Remedy by mandamus is available to resolve a conflict in jurisdiction between courts of coordinate jurisdiction only when the trial court first taking jurisdiction has been stopped from proceeding (e.g. when the second court enjoins the parties from taking any more action in the first court). *Abor v. Black*, 695 S.W.2d at 567; *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974); *Trapnell v. Hunter*, 785 S.W.2d at 429; *Owens v. Moore*, 778 S.W.2d 151, 152–53 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding); *see Conn v. Campbell*, 119 Tex. 82, 24 S.W.2d 813, 815 (1930); *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, 1069, 1072 (1926); *Hardy v. McCorkle*, 765 S.W.2d 910, 913 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding).

We note that the language used in *Curtis* appears to be contrary to this proposition:

The general common law rule in Texas is that the court in which suit is first

filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926), *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958). Any subsequent suit involving the same parties and the same controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior suit by a plea in abatement. *If the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions.* *Cleveland v. Ward, supra; Wheeler v. Williams,* 158 Tex. 383, 312 S.W.2d 221 (1958); *Way & Way v. Coca–Cola Bottling Co.,* 119 Tex. 419, 29 S.W.2d 1067 (1930); *Conn v. Campbell,* 119 Tex. 82, 24 S.W.2d 813 (1930).

*Curtis v. Gibbs,* 511 S.W.2d at 267 (emphasis added). However, the language used there must be taken in context with the facts of the case—that the dominant court's jurisdiction was interfered with by the second court. The supreme court pointed out this distinction in *Abor:*

> We stated in *Curtis* that if the second court refuses to sustain a proper plea in abatement, or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdiction. 511 S.W.2d at 267. The distinction in *Curtis* is that one of the courts had enjoined the other court from proceeding. While the language of *Curtis* could have been more precise, *we decline to grant mandamus relief here because there is no conflict of jurisdiction. No injunction has been granted in this case nor has any order which actively interferes with the exercise of jurisdiction in the Harris County District Court.*

*Abor v. Black,* 695 S.W.2d at 567 (emphasis added). And the distinction has been recognized and followed by the Houston court of appeals. In *Owens,* the Houston court refused to grant the writ to overturn the trial court's denial of a plea to the jurisdiction because it would not control the inci-dental rulings of the trial court. *Owens v. Moore,* 778 S.W.2d at 152–53.

The supreme court, in *Pope v. Ferguson,* explained the reason behind its reluctance to interfere with the trial court's incidental rulings.

> There is sound reason why appellate courts should not have jurisdiction to issue writs of mandamus to control or to correct incidental rulings of a trial judge when there is an adequate remedy by appeal. Trials must be orderly; and constant interruption of the trial process by appellate courts would destroy all semblance of orderly trial proceedings. Moreover, with this type of intervention, the fundamental concept of all American judicial systems of trial and appeal would become outmoded. Having entered the thicket to control or correct one such trial court ruling, the appellate courts would soon be asked in direct proceedings to require by writs of mandamus that trial judges enter orders, or set aside orders, sustaining or overruling (1) pleas to the jurisdiction, (2) pleas of privilege, (3) *pleas in abatement,* (4) motions for summary judgment, (5) motions for instructed verdict, (6) motions for judgment non obstante veredicto, (7) motions for new trial, and a myriad of interlocutory orders and judgments; and as to each, it might logically be argued that the petitioner for the writ was entitled, as a matter of law, to the action sought to be compelled.

*Pope v. Ferguson,* 445 S.W.2d at 954 (emphasis added).

■ When, as here, the trial court has not been prevented from proceeding or has not refused to proceed to trial, the appropriate remedy is by appeal. In this case, the litigants still have a forum and an opportunity to appeal. *Trapnell v. Hunter,* 785 S.W.2d at 429; *see Curtis v. Gibbs,* 511 S.W.2d at 267. On the other hand, when one trial court has prevented the other from proceeding, by enjoining any further action by the parties in the court, no appeal is available since the court's jurisdiction has been interfered with and no final judgment can or is likely to be en-

tered. *Trapnell v. Hunter,* 785 S.W.2d at 429; *see Abor v. Black,* 695 S.W.2d at 567; *Cleveland v. Ward,* 285 S.W. at 1069.

In this case, neither the Tarrant County court nor the Kerr County court has refrained from exercising jurisdiction and they have not prohibited the parties from pursuing their respective cases. Thus, relator has a remedy upon a final judgment from the Kerr County court.

Relator's petition for writ of mandamus is denied.

BIERY, Justice, concurring.

While I concur that the majority opinion in *Abor v. Black,* 695 S.W.2d 564 (Tex. 1985), is the binding precedent for disposition of the case before us, I find the language of *Curtis v. Gibbs*[1], and the dissent in *Abor* to be more pursuasive.

Because we are unable to grant mandamus relief which would otherwise be clearly warranted, it will be necessary that relator, if unsuccessful after a lengthy trial, pursue its legal remedy by appeal and have this court rule at some future juncture that the plea in abatement should have been granted as a matter of law and render judgment for relator/appellant. The resulting waste of time of judges, jurors, attorneys, witnesses, and parties is clearly apparent. *See, Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 248 (Tex.1988).

While I agree with the general premise of the language in *Pope v. Ferguson,* 445 S.W.2d 950 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970), that appellate courts should not have jurisdiction to issue writs of mandamus to control or correct incidental rulings of a trial judge, such language predated the modern inundation of the appellate courts with applications for writs of mandamus to review rulings of trial judges in discovery matters. If discovery issues warrant mandamus review, it would seem that the avoidance of a lengthy trial, which should have been abated because of domi-

nant jurisdiction in another trial court, rises to at least the same level of importance.

Even though the mandamus relief is being denied, the refiling of the plea in abatement in the trial court may deserve further consideration in light of this opinion and the authorities cited. *See Abor v. Black,* 695 S.W.2d at 567.

---

1. "If the second court *refuses to sustain a proper plea in abatement,* or attempts to interfere with the prior action, this court has the power to act by mandamus or other appropriate writ to settle the conflict of jurisdictions." *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974) (emphasis added).