**COASTAL OIL & GAS CORPORATION, Tesoro E & P Production Co., L.P., and KCS Resources, Inc., Relators,**

v.

**The Honorable Manuel R. FLORES, Respondent.**

No. 04–95–00650–CV.

Court of Appeals of Texas, San Antonio.

Sept. 1, 1995.

**518**

Jane M.N. Webre, Elizabeth N. Miller, Scott, Douglass, Luton & McConnico, L.L.P., Austin, Emerson Banack, Jr., Charles R. Roberts, William T. Armstrong, III, Foster, Lewis, Langley, Gardner & Banack, Inc., San Antonio, for appellants.

Eduardo Yzaguirre, III, Laredo, Donato Ramos, Pete Saenz, Jr., Person, Whitworth, Ramos, Borchers & Morales, Laredo, Patton G. Lochridge, Don H. Magee, McGinnis, Lochridge & Kilgore, L.L.P., Austin, for appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

### OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

GREEN, Justice.

■ This original proceeding arises out of the denial of relators' plea in abatement, which was based on the fact that a Dallas County district court had dominant jurisdiction of the same parties and causes of action that are included in the later-filed underlying cause. Relators contend that the respondent trial judge had no discretion to refuse to abate the underlying Zapata County action. We agree, but relators' motion for leave to file their petition for writ of mandamus must be denied nonetheless.

On November 23, 1994, the relators filed suit in Dallas County against the real parties in interest. The real parties in interest, in turn, sued the relators in Zapata County on December 12, 1994. Both of the lawsuits concern the proper method of calculation and payment of royalties under the same mineral leases, covering the same land, and relating to the same production of gas from the same units and wells. The cases are "inherently interrelated." See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 247 (Tex.1988).

■ "When an inherent interrelation of the subject matter exists in two pending lawsuits," a trial court has no discretion to deny a plea in abatement where another court has acquired dominant jurisdiction. Wyatt, 760 S.W.2d at 247; Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex.1974). Yet we are instructed by the supreme court that the refusal to abate is an incidental ruling for which the relators have an adequate remedy by appeal. Abor v. Black, 695 S.W.2d 564, 566–67 (Tex.1985). When no conflict of jurisdiction is shown, mandamus relief will not lie. Id. at 567.

■ The Court is obliged, of course, to follow the holding in Abor v. Black, as we have done in the past in a case very similar to this one. See Texas Commerce Bank, N.A. v. Prohl, 824 S.W.2d 228 (Tex.App.—San Antonio 1992, original proceeding). But we cannot help lamenting the gross and unnecessary waste of economic and judicial resources that will be permitted as a result of our action today.[1] The trial court's failure to abate the Zapata County case, while not subject to mandamus relief, is nonetheless reversible error. Cf. Wyatt v. Shaw Plumbing Co., 760 S.W.2d at 247 (when another court has dominant jurisdiction trial judge has no discretion to deny plea in abatement); Curtis v. Gibbs, 511 S.W.2d at 268 (if another court has dominant jurisdiction trial judge has clear duty to abate the proceedings—doing

---

1. "Because we are unable to grant mandamus relief which would otherwise be clearly warranted, it will be necessary that relator, if unsuccessful after a lengthy trial, pursue its legal remedy by appeal and have this court rule at some future juncture that the plea in abatement should have been granted as a matter of law and render

judgment for relator/appellant. The resulting waste of time of judges, jurors, attorneys, witnesses, and parties is clearly apparent. See, Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex.1988)." Texas Commerce Bank, N.A. v. Prohl, 824 S.W.2d at 231 (Biery, J., concurring).

otherwise is an abuse of discretion and is reversible). Should the relators not prevail if the case is tried to judgment, all will be for naught. We may see this case again on appeal on this very point, and reversal is virtually automatic.

We recognize that there are sound policy reasons why appellate courts should refrain from interfering with the incidental rulings of the trial courts when there are adequate remedies by appeal. The steep rise in the number of filings of mandamus actions in recent years, spawned primarily by liberal changes in the discovery rules, has added greatly to the already overburdened appellate court dockets. Consequently, mandamus relief is, and should be, strictly limited. Having said that, mandamus relief must be available when circumstances and common sense demand it.

Paradoxically, even though we are not authorized to mandamus the abatement of the Zapata County action, we remain authorized to issue writs of mandamus to correct errors in pre-trial discovery matters that may arise during the pendency of that action. For example, in the course of this case we may be called upon to settle a dispute over a claim of privilege in the production of documents—an expensive, time consuming and, in my view, thoroughly wasteful exercise in light of the dominant jurisdiction of the Dallas County action. But we cannot refuse to act on a request for mandamus relief on a privilege matter and leave the applicant without an adequate remedy by appeal. We are thus placed in the position of having to act where we should not have to.[2] It is the duty of the trial court to abate in these circumstances in order to avoid the wasteful expenditure of judicial resources.

In his concurrence in *Texas Commerce Bank, N.A. v. Prohl,* Justice Biery wrote, "[i]f discovery issues warrant mandamus review, it would seem that the avoidance of a lengthy trial, which should have been abated because of dominant jurisdiction in another trial court, rises to at least the same level of importance." *Texas Commerce Bank, N.A. v. Prohl,* 824 S.W.2d at 231. That is also our sentiment, and we believe that the appeals courts should be released from the constraints placed upon them by *Abor.*

"Even though the mandamus relief is being denied, the refiling of the plea in abatement in the trial court may deserve further consideration in light of this opinion and the authorities cited. *See Abor v. Black,* 695 S.W.2d at 567." *Texas Commerce Bank, N.A. v. Prohl,* 824 S.W.2d at 231 (Biery, J., concurring).

RICKHOFF and DUNCAN, JJ., concur.

---

2. This scenario has actually come to pass. The supreme court recently refused, in a mandamus proceeding, to require abatement in a second-filed case, but conditionally issued a writ of mandamus in the same case to protect against uncontrolled discovery of income tax returns. *See Hall v. Lawlis,* 907 S.W.2d 493, 494 (1995).