NO. 07-02-0275-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 20, 2002

_____

IN RE OLIVIA MORRIS, M.D.

_____

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[1]

In this original proceeding, relator Olivia Morris, M.D., asks us to mandamus the Honorable David Gleason, Judge of the 47th District Court of Potter County, Texas. The action arises out of an underlying suit filed by Donna and Ralph York, (the Yorks) the real parties-in-interest, against relator. In the suit, which is a health care liability claim filed under the Texas Medical Liability and Insurance Improvement Act (the Act), the real parties-in-interest seek recovery for damages resulting from relator's alleged negligent acts in the care and treatment of Donna. *See* Tex. Rev. Stat. Ann. art. 4590i (Vernon Supp. 1999). The question presented is whether respondent, pursuant to article 4590i §13.01(g)

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

of the Texas Revised Civil Statutes, erroneously granted the real parties-in-interest a 30-day extension of time within which to file an amended expert report.

Article 4590i requires that not later than the 180th day after the date on which a health liability claim is filed, the plaintiff must furnish counsel for each defendant physician one or more expert reports together with a *curriculum vitae*. *Id.* §13.01(d). If the claimant fails to do so within the required time, the statute provides that on the motion of the affected physician, the court *shall* enter an order dismissing the cause of action with prejudice. *Id*. § 13.01(e)(3).

Subsection (g) of the statute provides:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

Tex. Rev. Civ. Stat. Ann. art. 4590i § 13.01(g) (Vernon Supp. 1999).

Subsection (l) of the statute provides that if, after hearing, it appears to the court that a tendered report does not represent a good faith effort to comply with the definition of an expert report contained in subsection (r)(6), the court *shall* grant a motion seeking dismissal. As statutorily defined, an expert report means a written report that provides a

fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *Id*. § 13.01(r)(6).

The parties do not dispute that the Yorks filed a report from an expert on May 24, 2001, which was within 180 days of the filing of the underlying suit. On February 5, 2002, relator moved to dismiss the lawsuit on the basis that the report failed to identify the appropriate standard of care, and that deficiency made the report less than a good faith effort to comply with the statute. Thus, relator alleged, because the 180-day period had passed, section 13.01(e) of the statute required the dismissal of the lawsuit with prejudice.

The Yorks responded to the dismissal motion by denying the report was inadequate and, in the alternative, asked for an extension of time pursuant to section 13.01(g) of the statute. The trial court subsequently entered orders granting a 30-day grace period within which to comply with the statute, and finding that although the submitted expert report was inadequate under the statute, the failure to file an adequate report was the result of accident or mistake.

To be entitled to mandamus relief, relator must show that the trial court clearly abused its discretion or violated a ministerial duty. *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when the trial court's decision is so arbitrary or unreasonable as to amount to a clear and prejudicial error. *Id*.

3

There must also be no adequate remedy at law, and the cost or delay of having to go through trial and the appellate process does not render the remedy inadequate. *Id*. at 842.

To support her contention that she has no adequate remedy at law and is entitled to have this court consider her right to mandamus, relator relies upon *In re Collom & Carney Clinic Ass'n*, 62 S.W.3d 924 (Tex.App.--Texarkana 2001, no pet.). In that case, the court held that because the statute expressed a specific purpose of addressing frivolous claims filed against medical practitioners by requiring dismissal if a proper expert report was not filed, a remedy by direct appeal was inadequate and mandamus would be available in a proper case. *Id*. at 929-30. We agree with that decision and will consider whether mandamus is available in this case.

The gist of relator's complaint is that the 30-day grace period provided for in subsection (g) only applies in the instance of a failure to timely file an expert report, but does not apply in instances in which the court determines that the report by an expert, although timely filed, is inadequate. In support of her position, relator argues that the plain meaning of the term "deadline" as used in subsection (g) means the latest time by which something must be done and that interpretation must be applied. Thus, she reasons, because the 180-day time period for filing an expert report is the only deadline referred to in subsection (d), the 30-day grace period permitted under subsection (g) can only refer to instances in which no report was filed. Therefore, she concludes, had the legislature intended for a grace period to apply to subsection (l) inadequacies, it would have provided so in the statute.

4

In *American Transitional Care Centers of Texas, Inc. v. Palacios,* 46 S.W.3d 873 (Tex. 2001), the court pointed out that if "a trial court determines that an expert report does not meet these statutory requirements and the time for filing a report has passed, it must then dismiss with prejudice the claims against the defendant who has challenged the report." *Id.* at 877. In that case, the plaintiff had failed to file an expert report within the 180-day period. The trial court granted an extension of time within which to file a report and a report was filed. Subsequently, the trial court granted the Care Center's motion to dismiss on the ground that the filed report was still not adequate. *Id.* at 876. A majority of the court of appeals reversed the dismissal on the basis that the amended report was sufficient to show a good faith effort to comply. Thus, the question before the supreme court was whether the trial court abused its discretion in dismissing the suit. The high court held no abuse of discretion was shown, reversed the court of appeals, and affirmed the dismissal. The court was not faced with the question before us today, namely, whether the subsection (g) relief is available in instances in which the trial court has found the initial report inadequate, but also found the failure was not intentional or the result of conscious indifference, but the result of an accident or mistake.

In *Whitworth v. Blumenthal*, 59 S.W.3d 393 (Tex.App.--Dallas 2000, pet. dism'd by agr.) (en banc), the court addressed the same question as that before us.[2] In the face of a strong dissent, the majority determined that if a report failed to meet the statutory

---

[2]Contrary to the parties here, in *Blumenthal* the parties agreed that subsection (g) was applicable. The court addressed the issue because it was raised by the dissent. *See Blumenthal*, 59 S.W.3d at 398.

requirements, by definition, it was not an "expert report." *Id.* at 399. Therefore, no "expert report" had been filed within the 180-day period, which constituted a failure to meet a deadline set out in subsection (d). *Id.* That failure triggered consideration of the 30-day grace period provided for in subsection (g). En route to its conclusion, the majority also noted the provision in subsection (g) that it applied "notwithstanding any other provision" of section 13.01. *Id.* at 398-99. We agree with that reasoning.

Other courts of appeal have also found, or intimated that subsection (g) is applicable in situations in which a timely filed expert report fails to meet the statutory requirements. *See Rittmer v. Garza*, 65 S.W.3d 718, 724 (Tex.App.--Houston [14th Dist.] 2001, no pet.) (finding failure to grant extension of time to amend expert report was not an abuse of discretion where any purported accident or mistake was not identified); *In re Collom*, 62 S.W.3d at 930 (finding that because the expert report was deficient and the failure was not the result of accident or mistake, the trial court was required to dismiss the lawsuit); *Hightower v. Saxton*, 54 S.W.3d 380 (Tex.App.--Waco 2001, no pet.) (suggesting defects in an expert report can be cured by seeking subsection (g) grace period); *Gutierrez v. Waller*, 50 S.W.3d 61, 65-66 (Tex.App.--Corpus Christi 2001, pet. granted) (finding discretion was abused in denying motion for 30-day grace period to cure defective report where testimony as to mistake was not controverted). We also note that relator does not challenge the trial court's finding that the failure to comply with the deadline was not the result of conscious indifference, but was the result of an accident or a mistake. Thus, that issue is not before us and we express no opinion on it.

6

Thus, we conclude the trial court did not abuse its discretion in granting a 30-day grace period, nor did it have a ministerial duty to dismiss the Yorks' complaint with prejudice.  Thus, relator is not entitled to mandamus relief and her petition must be, and is, denied.

John T. Boyd
Senior Justice

Reavis, J., concurs.

Publish.

NO. 07-02-0275-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 20, 2002

_____

IN RE OLIVIA MORRIS, M.D.

_____

**CONCURRING OPINION**

Before REAVIS and JOHNSON, JJ, and BOYD, SJ.[3]

    Although I concur with the decision of the majority that the request for mandamus relief should be denied, I write separately to explain the reasons why I agree that the relief sought should be denied without any prejudice to consideration of the applicability of Article 4590i, section 13.01(g) (Vernon Supp. 2002) upon ordinary appeal.

_____

[3]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

8

Real parties filed their medical malpractice suit on March 3, 2001, and their expert report on May 24, 2001. Then, on February 5, 2002, relator filed her motion to dismiss the action contending that the expert report, although timely filed, did not satisfy the requirements of the Act because it did not identify the appropriate standard of care. In response, real parties filed an amended expert report on February 16, 2002, followed by a response to relator's motion to dismiss and a motion for an extension of time to file expert reports under section 13.01(g);[4] however, relator did not file a written response to real parties' motion for an extension.

After hearing the two motions and testimony of counsel for real parties at a hearing on April 19, 2002, the trial court signed an order on April 19, 2002, finding:

> the failure of the claimants or their attorneys to file an expert report in compliance with Article 4590i was not intentional or the result of conscience indifference, but was the result of an accident or a mistake. . . .

> It is therefore ordered that the Plaintiffs are granted a grace period of 30 days from the date of this order to comply with the requirements of Article 4590i, Section 13.01 regarding the filing of an expert report.

Then, on April 24, 2002, the trial court signed an order finding that

> 1. The expert report of Frank L. Barnes, M.D., dated January 27, 2001, is inadequate and does not satisfy the requirements of Tex. Rev. Civ. Stat. Ann. art. 4590i.

---

[4]Bearing certificate of service date of April 17, 2002.

9

2. Plaintiffs have filed an amended report of Frank L. Barnes, M.D., dated February 16, 2002, and leave is hereby granted for such filing under Tex. Rev. Civ. Stat. Ann. art 4590i, §13.01(g). The adequacy of the newly filed report is not before the Court at this time and no ruling is made with respect thereto.

Although relator did not challenge real parties' motion for an extension grounded on accident or mistake by exception, motion, or objection in the trial court, and by her petition does not challenge the form of the order signed April 19, 2002, or either of the findings by the trial court of "accident or mistake" in effect, relator's request for mandamus relief suggests that the conclusions of accident or mistake are irrelevant.

The Act/Article 4590i

In response to the medical malpractice insurance crisis, the Legislature enacted the Medical Liability and Insurance Improvement Act. The stated purpose of the act is "to improve and modify the system by which health care liability claims are determined" without unduly restricting a "claimant's rights any more than necessary to deal with the crisis . . . ." § 1.02(b)(3).

In relevant part, subsection (d) places a burden on the claimant to

Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall . . .

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; or

(2) voluntarily nonsuit the action against the physician or health care provider.

10

In order to comply with subsection (d), the claimant must either timely file the expert report[5] per the statutory definition or nonsuit the action. Subsection (e) then provides:

> If a claimant has failed . . . to comply with Subsection (d) of this section within the time required, the court shall, on the motion of the affected physician . . . enter an order awarding as sanctions against the claimant or the claimant's attorney:
>
>> (1) the reasonable attorney's fees and costs of court incurred by that defendant;
>>
>> (2) the forfeiture of any cost bond respecting the claimant's claim against that defendant to the extent necessary to pay the award; and
>>
>> (3) the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.

The sufficiency of an expert's report is not tested by special exception under Tex. R. Civ. P. 91, but instead is reviewed by motion. Subsection (I) provides:

> A court shall grant a motion challenging the adequacy of any expert report only if it appears to the court, after hearing, that the report does not represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of this section.

## 30 Day Extension Under Section 13.01(g)

In addition to extensions of time authorized by subsections (f) and (h), subsection (g) provides:

---

[5]Section 13.01(r)(6) defines expert report as a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed.

11

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

Because the Act does not define the terms "accident" or "mistake," nor address the distinction between a mistake of law distinguished from a mistake of fact, we are guided by the ordinary usage of such terms. The terms "accident" and "mistake" constitute conclusions and are not synonymous. As commonly understood, an accident is an unforseen and unexpected event that occurs independently of any participation by the party affected by it, and is not the proximate result of the party's own act. Henry S. Miller Company v. Evans, 452 S.W.2d 426, 432 (Tex. 1970).

In contrast however, mistake is an "erroneous mental condition, conception, or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, and resulting in some act or omission done or suffered erroneously by one or both the parties to a transaction, but without its erroneous character being intended or known at the time." *Id.* Also, a mistake may be a mistake of fact or a mistake of law, which happens when the actor, having full knowledge of the facts, comes to an erroneous conclusion as to the legal effect of the facts and is a mistaken opinion or inference arising from an incorrect exercise of the judgment upon the facts. Blacks Law Dictionary 1001 (6th ed. 1990). Moreover, although relief may be available for a mistake of fact, it is generally not available for a mistake of law. *See* Payne v. Baldock, 287 S.W.2d 507, 510 (Tex.Civ.App.--Eastland 1956, writ ref'd n.r.e).

12

According to Transitional Care v. Palacios, 46 S.W.3d 873, 880 (Tex. 2002), and Bowie Memorial Hosp. v. Wright, 79 S.W.3d 48, 54 (Tex. 2002), when a challenge to an expert's report is sustained, and the 180-day deadline has passed, the trial court is required to dismiss the suit. However, these two cases are not controlling because they were not mandamus proceedings with limited records common to original proceedings, but proceeded as ordinary appeals upon dismissals by the trial court. Moreover, the dismissals were not required notwithstanding the trial court's findings of "accident" or "mistake" as presented here.

Although the April 19, 2002 order uses the terms "accident" or "mistake" as they appear in subsection (g), it does not state the facts supporting the trial court's conclusions of either or both. Accordingly, I concur with the decision of the majority that relator has not shown that the trial court violated a ministerial duty or clearly abused its discretion.

Don H. Reavis
Justice

Publish.

13