NO. 07-05-0195-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 21, 2005


______________________________



In re BILLY J. YORK, 



 Relator

_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2004-596,105; HON. PAULA LANEHART, PRESIDING


_______________________________



Memorandum Opinion in an Original Proceeding


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Pending before the court is the petition of Billy J. York for a writ of mandamus. 
Through it, he asks that we order the Honorable Paula Lanehart, County Court at Law No.
2, Lubbock County, to vacate an order abating the proceedings in Cause No. 2004,596-105
"until further order . . . ." We deny the petition.

 A writ of mandamus is extraordinary relief and not available simply for the asking. 
In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (stating that mandamus is an
extraordinary remedy available only in limited circumstances). One seeking it must
illustrate not only that he lacks an adequate remedy at law but also that the trial court
clearly abused its discretion or violated a ministerial duty. In re Morris, 93 S.W.3d 388, 389
(Tex. App.-Amarillo 2002, orig. proceeding). Furthermore, seldom will a writ issue to
supervise or correct incidental rulings of a trial judge. Abor v. Black, 695 S.W.2d 564, 566
(Tex. 1985). Included within the category of such rulings are pleas in abatement, among
other things. Id. at 566-67; Texas Commerce Bank, N.A. v. Prohl, 824 S.W.2d 228, 229
(Tex. App.-San Antonio 1992, no writ) (holding that mandamus is "generally not available
to control the incidental rulings of a trial court, such as ruling on pleas in abatement").

 Here, York asks us to review the trial court's decision viz a plea in abatement. In
doing so, he contends that the trial court abused its discretion. Yet, nothing is said about
the other element that must be established to succeed, i.e. the element concerning the
want of an adequate legal remedy. Nor does he explain what circumstances, if any, exist
to remove his petition from the general rule prohibiting the issuance of mandamus relief to
supervise or correct rulings on pleas of abatement. Given these deficiencies, we deny the
petition.


 Brian Quinn

 Chief Justice 



ufficient ground for revocation supports the trial
court's order. Moore v. State, 605 S.W.2d 924, 926 (Tex.Cr.App. 1980). Also, in a
revocation proceeding, a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Cr.App. 1979). 

 Appellate counsel presents one arguable issue in the Anders brief, to-wit: whether
the trial court could have considered the extenuating circumstances facing appellant and
imposed a lesser sentence. By his pro se letter brief, appellant concedes that he agreed
to plead true to some of the allegations made by the State, but that he believed his trial
counsel would present a defense on those allegations. He also attempts to explain the
circumstances that lead to some of the violations of his conditions of community
supervision. However, having reviewed a transcription of the hearing, we conclude that
appellant's plea of true was freely and voluntarily given and thus, is sufficient to support
the trial court's revocation order.

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support the appeal. See Penson v.
Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel
that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d
684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.
1. Tex. R. App. P. 47.2(a).
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).