NO. 07-05-0195-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 21, 2005
_____

In re BILLY J. YORK,

Relator
_____

FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2004-596,105; HON. PAULA LANEHART, PRESIDING
_____

*Memorandum Opinion in an Original Proceeding*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Pending before the court is the petition of Billy J. York for a writ of mandamus. Through it, he asks that we order the Honorable Paula Lanehart, County Court at Law No. 2, Lubbock County, to vacate an order abating the proceedings in Cause No. 2004,596-105 "until further order . . . ." We deny the petition.

A writ of mandamus is extraordinary relief and not available simply for the asking. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex. 2001) (stating that mandamus is an extraordinary remedy available only in limited circumstances). One seeking it must illustrate not only that he lacks an adequate remedy at law but also that the trial court

clearly abused its discretion or violated a ministerial duty. *In re Morris*, 93 S.W.3d 388, 389 (Tex. App.–Amarillo 2002, orig. proceeding). Furthermore, seldom will a writ issue to supervise or correct incidental rulings of a trial judge. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex. 1985). Included within the category of such rulings are pleas in abatement, among other things. *Id.* at 566-67; *Texas Commerce Bank, N.A. v. Prohl*, 824 S.W.2d 228, 229 (Tex. App.–San Antonio 1992, no writ) (holding that mandamus is "generally not available to control the incidental rulings of a trial court, such as ruling on pleas in abatement").

Here, York asks us to review the trial court's decision *viz* a plea in abatement. In doing so, he contends that the trial court abused its discretion. Yet, nothing is said about the other element that must be established to succeed, *i.e.* the element concerning the want of an adequate legal remedy. Nor does he explain what circumstances, if any, exist to remove his petition from the general rule prohibiting the issuance of mandamus relief to supervise or correct rulings on pleas of abatement. Given these deficiencies, we deny the petition.


Brian Quinn
Chief Justice

2