NO. 07-06-0136-CR


NO. 07-06-0137-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 4, 2006



______________________________




EX PARTE JOHANSON LEE WATSON






_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NOS. 9479 & 9480; HONORABLE TOM NEELY, JUDGE



_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Johanson Lee Watson, who is incarcerated and proceeding pro se, filed applications
for writs of habeas corpus in the trial court. He simultaneously filed notices of appeal
seeking relief from this Court should he receive unfavorable rulings from the trial court. We
dismiss for want of jurisdiction.

 A premature notice of appeal in a criminal case is effective after sentence is
imposed or suspended in open court or after an appealable order is signed by the trial
court. See Tex. R. App. P. 27.1(b). It is not effective if filed before the trial court makes
a finding of guilt or receives a jury verdict. We decline to interpret Rule 27.1(b) as
permitting a premature notice of appeal from an application for a writ of habeas corpus
without a signed appealable order.

 Accordingly, these purported appeals are dismissed for want of jurisdiction.

 Don H. Reavis

 Justice



Do not publish.



No. 2004,596-105
"until further order . . . ." We deny the petition.

 A writ of mandamus is extraordinary relief and not available simply for the asking. 
In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001) (stating that mandamus is an
extraordinary remedy available only in limited circumstances). One seeking it must
illustrate not only that he lacks an adequate remedy at law but also that the trial court
clearly abused its discretion or violated a ministerial duty. In re Morris, 93 S.W.3d 388, 389
(Tex. App.-Amarillo 2002, orig. proceeding). Furthermore, seldom will a writ issue to
supervise or correct incidental rulings of a trial judge. Abor v. Black, 695 S.W.2d 564, 566
(Tex. 1985). Included within the category of such rulings are pleas in abatement, among
other things. Id. at 566-67; Texas Commerce Bank, N.A. v. Prohl, 824 S.W.2d 228, 229
(Tex. App.-San Antonio 1992, no writ) (holding that mandamus is "generally not available
to control the incidental rulings of a trial court, such as ruling on pleas in abatement").

 Here, York asks us to review the trial court's decision viz a plea in abatement. In
doing so, he contends that the trial court abused its discretion. Yet, nothing is said about
the other element that must be established to succeed, i.e. the element concerning the
want of an adequate legal remedy. Nor does he explain what circumstances, if any, exist
to remove his petition from the general rule prohibiting the issuance of mandamus relief to
supervise or correct rulings on pleas of abatement. Given these deficiencies, we deny the
petition.


 Brian Quinn

 Chief Justice