**DISMISS and Opinion Filed December 16, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00994-CV

### GUADALUPE TRISTAN ROCHFORD, Appellant
### V.
### NORTHSTAR CEMETERY SERVICES OF TEXAS, LLC D/B/A RESTLAND CREMATORY AND NORTHSTAR FUNERAL SERVICES OF TEXAS, LLC D/B/A RESTLAND CEMETERY, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-01566-B**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Pedersen, III
Opinion by Chief Justice Burns

We questioned our jurisdiction over this appeal because the appealed order is neither a final judgment disposing of all parties and claims nor did it appear to be an appealable interlocutory order. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (appellate courts generally have jurisdiction over final judgments and certain interlocutory orders as permitted by statute). As directed, the parties filed letter briefs addressing the jurisdictional issue.

The procedural history of this case involves two separate cases and a transfer order that the transferee court did not accept. Appellant, along with Gregory Rochford, filed a lawsuit in District Court in 2022 seeking damages for negligence involving a dispute over cremated remains (District Court case). After appellant and Gregory Rochford nonsuited their claims, the District Court signed a nonsuit order[1] on May 27, 2022 and closed the case.

Appellant then filed the underlying lawsuit in County Court at Law No. 2 in 2023 (County Court case). Appellees moved to transfer the County Court case to the earlier filed District Court case. On May 26, 2023, the County Court signed an agreed order transferring the County Court case to the District Court case. The District Court, however, refused to accept the case. This refusal by the District Court prompted appellant to file, on April 25, 2024, a motion to reinstate in the County Court. On May 24, 2024, the County Court signed an order stating that it was taking no action on the motion to reinstate because it found that it had lost plenary power after the case was transferred. Appellant filed a conditional notice of appeal from this order.

In his letter brief, appellant states that he "believes" there is no final judgment and that we lack jurisdiction over the appeal. He filed the notice of appeal out of an abundance of caution should we recognize, like they do in federal court, that an order

---

[1] The nonsuit order in the District Court case is viewable on Dallas County's website.

denying a motion to reopen an administratively closed case has the practical effect of dismissing the case. *See Stromberger v. L. Offs. of Windle Turley, P.C.*, No. 05-06-00841-CV, 2007 WL 2994643, at *3 (Tex. App.—Dallas Oct. 16, 2007, no pet.) (mem. op.) (citing *Penn West Assocs., Inc. v. Cohen,* 371 F.3d 118, 124 (3d Cir. 2004)). We decline to do so. There is no authority that the appealed order is subject to ordinary appeal in this Court.

Because the appealed order is neither a final judgment nor an appealable interlocutory order, we lack jurisdiction over this appeal.[2] We dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

240994f.p05

/Robert D. Burns, III//
ROBERT D. BURNS, III
CHIEF JUSTICE

---

[2] Although the order is not reviewable by ordinary appeal, it may be reviewable by a petition for writ of manadams. *See Texas Com. Bank, N.A. v. Prohl*, 824 S.W.2d 228, 230 (Tex. App.—San Antonio 1992, orig. proceeding) (noting mandamus review would be proper where litigants no longer have a forum and no final judgment can or is likely to be entered.)



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

GUADALUPE TRISTAN
ROCHFORD, Appellant

No. 05-24-00994-CV　　V.

NORTHSTAR CEMETERY
SERVICES OF TEXAS, LLC D/B/A
RESTLAND CREMATORY AND
NORTHSTAR FUNERAL
SERVICES OF TEXAS, LLC D/B/A
RESTLAND CEMETERY,
Appellees

On Appeal from the County Court at
Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-23-01566-
B.
Opinion delivered by Chief Justice
Burns. Justices Molberg and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees NORTHSTAR CEMETERY SERVICES OF TEXAS, LLC D/B/A RESTLAND CREMATORY AND NORTHSTAR FUNERAL SERVICES OF TEXAS LLC D/B/A RESTLAND CEMETERY recover their costs of this appeal from appellant GUADALUPE TRISTAN ROCHFORD.

Judgment entered this 16th day of December, 2024.