*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*





# OPINION

No. 04-10-00766-CV

**IN RE EXXONMOBIL PRODUCTION COMPANY, EXXON MOBIL CORPORATION,**
and **EXXONMOBIL PIPELINE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Phylis J. Speedlin, Justice
        Rebecca Simmons, Justice
        Marialyn Barnard, Justice

Delivered and Filed:  March 23, 2011

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators ExxonMobil Production Company, Exxon Mobil Corporation, and ExxonMobil Pipeline Company (collectively "ExxonMobil") seek mandamus relief from the Starr County trial court's denial of a motion to abate.  ExxonMobil contends the Brooks County court has dominant jurisdiction over the Starr County suit because at the time the lawsuit was filed a suit was pending in Brooks County that was filed by real parties in interest the Encinitos Ranch and McGill Ranch Ltd. (collectively "Encinitos") and involves the same parties and subject matter. We agree and conclude the trial court erred in failing to grant the motion to abate.

---

[1] This proceeding arises out of Cause No. DC-10-109, styled *The Encinitos Ranch and McGill Ranch, Ltd. v. ExxonMobil Production Company, et al.*, pending in the 381st Judicial District Court, Starr County, Texas, the Honorable Jose Luis Garza presiding.

## BACKGROUND

The Encinitos Ranch is comprised of more than 38,000 contiguous acres that extend through Starr, Hidalgo, Jim Hogg, and Brooks Counties. McGill Ranch, Ltd. is a partnership that owns a substantial portion of the surface estate of the ranch and manages the ranch. ExxonMobil is the lessee of most of the minerals underlying the ranch.

In 2007, a suit was filed in Brooks County by McGill Ranch, Ltd., the Encinitos Ranch, and members of the McGill family, acting individually and on behalf of five different trusts and one estate, ("plaintiffs") against numerous defendants, including Exxon Mobil Corporation and ExxonMobil Production Company.[2] In the Second Amended Petition filed on May 9, 2008, plaintiffs contend:

> Generally speaking, this action is brought to recover damages for physical harm done to the land, to enjoin the defendants from further damaging the property, to enjoin further trespasses, to recover damages for trespass, to require lessees to implement reasonable and prudent programs, policies and procedures to safeguard and protect the property from any future damage, contamination or harm . . . .

Plaintiffs assert claims for property damage, trespass to the property that arises from the contamination, pollution, and improper abandonment of oil field production facilities, equipment and infrastructure, negligence, and various breaches of the lease agreements. Additionally, plaintiffs assert claims for negligence, gross negligence, and breach of contract against the ExxonMobil defendants and another defendant in connection with a large fire that occurred on March 18, 2008 that allegedly resulted from poorly maintained power lines.

In 2010, a second suit was filed in Starr County by the Encinitos Ranch and McGill Ranch, Ltd. against only ExxonMobil Production Company, Exxon Mobil Corporation, and ExxonMobil Pipeline Company. Plaintiffs assert in their First Amended Petition as follows:

---

[2] *Encinitos Ranch, et al. v. Exxon Mobil Corp., et al,.* No. 07-12-14420-CV (79th Dist. Ct., Brooks County, Tex.).

> This is a lawsuit arising from Defendants' acts and omissions in causing and continuing to cause chemical contamination to real property, including surface, subsurface and freshwater zones, located in Starr County, Texas. By virtue of this lawsuit, Plaintiffs seek equitable remedies requiring Defendants to clean up or remediate hydrocarbon, heavy metals and other identified contamination in Starr County at the ExxonMobil facility commonly known as Tank Battery 3 or Meter Site No. 3 and at the ExxonMobil facility commonly known as S.E. Kelsey Station, where irreparable injury to real or personal property is threatened and/or occurring.

Plaintiffs seek injunctive relief requiring defendants to abate and/or remediate the conditions causing the contamination, and assert claims based on negligence, negligence per se, trespass, nuisance, and breach of contract and implied covenants. Real parties in interest assert in their response in this court that the Starr County suit arose out of a June 2009 spill on the Encinitos Ranch in Starr County.

After filing an answer in the Starr County suit, ExxonMobil moved to abate the Starr County suit, asserting the Brooks County court has dominant jurisdiction because the Brooks County suit was filed first and involved the same parties and claims. Following a hearing, the trial court denied ExxonMobil's motion to abate and subsequently denied its motion to reconsider. This petition for writ of mandamus ensued.

## ANALYSIS

### I.        Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an

abuse of discretion." *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, the relator must show "that the trial court could reasonably have reached only one decision." *Id.*

## II.       Dominant Jurisdiction

As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988); *see also Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001); *In re Sims*, 88 S.W.3d 297, 303 (Tex. App.—San Antonio 2002, orig. proceeding). The Supreme Court emphasized that "[i]t has long been the policy of the courts and the legislature of this state to avoid a multiplicity of lawsuits. The need for judicial economy has recently become more acute because the dockets of our trial courts are overburdened, and litigants must wait far too long for their cases to be heard." *Wyatt*, 760 S.W.2d at 246-47.

In order to determine whether dominant jurisdiction exists, we must analyze whether there is an inherent interrelation of the subject matter between the two pending lawsuits. *Id.* at 247. It is not required that the precise issues and all of the parties be included in the first suit before the second suit is filed, provided that the claims in the first suit can be amended to bring in all of the necessary and proper parties and the claims. *See id.* Therefore, in order for ExxonMobil to have succeeded on its motion to abate, it had to establish that (1) the Brooks County suit commenced first; (2) the Brooks County suit is still pending; (3) the Brooks County suit could be amended to include all of the parties; and (4) the controversies are the same or the Brooks County suit could be amended to include all of the claims. *See id.*; *In re Sims*, 88 S.W.3d at 303.

Encinitos does not dispute that the first three requirements have been met. Instead, Encinitos's sole contention is that the controversies are not the same in the two cases. Encinitos argues that because the alleged damage from the June 2009 spill in Starr County had not yet occurred when the Brooks County suit was filed, the Starr County suit involves a discrete injury that is not the same as the controversy in the Brooks County suit. Encinitos offers no other explanation as to why the injury is discrete. In addition, Encinitos fails to explain why the Brooks County suit could not be amended to include the claims made in the Starr County suit. Pleadings can be amended to include subsequent claims; in fact, as previously noted, Encinitos amended its Brooks County suit to include claims for damages from a 2008 fire—a fire that occurred after the Brooks County suit was originally filed in 2007.

Here, based on the pleadings in both suits, there is an inherent interrelation of the subject matter between the two pending suits, and the Brooks County suit could be amended to include the claims in the Starr County suit. *See Wyatt*, 760 S.W.2d at 247. Encinitos's Second Amended Petition in the Brooks County suit provides that "[g]enerally speaking, this action is brought to recover damages for physical harm done to the land . . . ." Likewise, the First Amended Petition in the Starr County suit provides that "[t]his is a lawsuit arising from Defendants' acts and omissions in causing and continuing to cause chemical contamination to real property. . . ." Both suits at least in part are based on damage to the ranch property. We are unaware of any reason why Encinitos could not amend its claims in the Brooks County suit to incorporate the claims in the Starr County suit. As a result of the foregoing, we conclude the Brooks County court has dominant jurisdiction over the Starr County suit. In order to avoid the multiplicity of suits and the waste of judicial resources the Supreme Court cautioned against in *Wyatt*, we conclude the

trial court erred in not granting the motion to abate the Starr County suit to Brooks County. *See id.* at 246-47.

## III.     Adequate Remedy by Appeal

In *Abor*, the Supreme Court held mandamus relief is not available to address a trial court's erroneous refusal to abate a suit based on dominant jurisdiction unless there is a conflict in jurisdiction where one of the trial courts issues an order that actively interferes with the other court or enjoins the other from proceeding. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex. 1985). In the past, this court, along with other appellate courts, has not issued mandamus relief unless relator established there was a conflict of jurisdiction in accordance with *Abor*. *See, e.g.*, *In re Brown*, No. 06-10-00108-CV, 2010 WL 4880675, at *1 (Tex. App.—Texarkana 2010, orig. proceeding); *In re Akins*, No. 09-09-00447-CV, 2009 WL 3763776, at *1 (Tex. App.— Beaumont 2009, orig. proceeding); *In re Barnes*, No. 04-07-00864-CV, 2007 WL 4375222, at *1 (Tex. App.—San Antonio 2007, orig. proceeding). However, ExxonMobil contends that in light of *Prudential*, it lacks an adequate remedy by appeal and mandamus relief is warranted, although no conflict of jurisdiction exists as set out in *Abor*. *See Prudential*, 148 S.W.3d at 135-36. We agree and conclude ExxonMobil does not have an adequate remedy by appeal.

In *Prudential*, the Supreme Court granted mandamus relief to a relator complaining of a trial court's denial of its request to enforce an opposing party's contractual waiver of a trial by jury. *Id*. at 138. In distinguishing between mandamus review of incidental, interlocutory trial court rulings and significant rulings, the Court explained that mandamus review of those incidental rulings "unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to the expense and delay of civil

litigation." *Id.* at 136. However, the Court found that review of significant rulings in exceptional cases may be essential to: (1) preserve a relator's substantive or procedural rights from impairment or loss; (2) allow appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in an appeal from a final judgment; and (3) prevent the waste of public and private resources invested into proceedings that would eventually be reversed. *Id.*

The Court articulated a balancing test by which to determine whether there existed an adequate remedy on appeal. *Id.* An appellate remedy is adequate if the detriments to issuing mandamus relief outweigh the benefits; but if the detriments are outweighed by the benefits, "courts must consider whether the appellate remedy is adequate." *Id.* The Court explained that prior cases in which it found an appellate remedy was inadequate "serve to illustrate that whether an appellate remedy is 'adequate' so as to preclude mandamus review ***depends heavily on the circumstances presented*** . . . ." *Id.* at 137 (emphasis added). Elaborating that the decision of whether to issue a writ of mandamus depends heavily on the circumstances presented, the Court expressly rejected the application of rigid rules in deciding whether a remedy on appeal is adequate. *Id.* at 136. It reasoned that such rigid rules and categorizations contradict the flexibility of mandamus, which is its "principal virtue." *See id.* at 136. The Court's holding in *Abor*, limiting the propriety of mandamus relief in plea in abatement cases to conflicts of jurisdiction, is an example of the type of rigid rule that *Prudential* rejected. *See Abor*, 695 S.W.2d at 567. Limiting mandamus relief as per *Abor* precludes the flexibility of the remedy in plea in abatement cases because *Abor*'s holding fails to account for any case-by-case consideration of the benefits and detriments of mandamus review. *See id.*

Other Texas Supreme Court cases concerning mandamus review of trial court rulings on forum issues demonstrate both the importance of considering the waste of public and private resources and *Prudential*'s broad applicability. *See, e.g.*, *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).[3] In *Team Rocket*, the Court granted mandamus relief to correct a trial court's improper refusal to enforce a prior venue ruling by another trial court. *Id.* at 263. There, a Harris County court granted a motion to transfer venue and transferred the case to Williamson County. *Id.* at 259. Plaintiffs, dissatisfied with the transfer, nonsuited the case and subsequently filed suit in Fort Bend County. *Id.* The trial court in Fort Bend County refused to enforce the prior venue ruling. *Id.* The Texas Supreme Court analyzed the facts through *Prudential*'s prism, assessing the adequacy of appeal "by balancing the benefits of mandamus review against the detriments." *Id.* at 262. It considered whether mandamus would "spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Id.* (quoting *Prudential*, 148 S.W.3d at 136). The Court emphasized that "extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *Id.* It concluded, "To say that the Fort Bend County trial court . . . committed reversible error while declining to correct the injustice would compromise the integrity of the venue statute and result in an irreversible waste of resources." *Id.* at 263.

The three factors outlined in *Prudential* and elaborated upon in *Team Rocket* favor granting mandamus in this case. *See Team Rocket*, 256 S.W.3d at 262; *Prudential*, 148 S.W.3d

---

[3] *See In re AutoNation, Inc.*, 228 S.W.3d 663, 668 (Tex. 2007) (orig. proceeding) (holding that mandamus was appropriate for forum selection clauses because failing to enforce such a clause resulted in judicial "inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics contrary to the parties' contracted-for expectations"); *In re AIU Ins. Co.*, 148 S.W.3d 109, 118 (Tex. 2004) (orig. proceeding) ("We have acted to prevent a waste of judicial resources in contexts other than discovery disputes.").

at 136. First, the present case involves an impairment of the defendant's procedural rights. The Court in *Team Rocket* recognized that Texas venue statutes "create a balance" by giving the plaintiff "the first choice of venue when he files suit" and restricting the defendant to one motion to transfer that venue. *Team Rocket*, 256 S.W.3d at 262. The Court reasoned that the plaintiff's taking a nonsuit and refiling the suit in another county in response to an unfavorable ruling on the defendant's motion to transfer venue violated the defendant's procedural rights by permitting the plaintiff to circumvent the balance established by the venue statutes. *Id*. at 261 Here, the plaintiffs have filed a separate, concurrent suit in another county and have thereby impaired the defendants' procedural rights to defend against only one lawsuit in the venue that the plaintiff first chose to file suit. *See id.*

Second, mandamus review presents this Court with the opportunity to give needed and helpful direction to the law. *See Prudential*, 148 S.W.3d at 136. In *Team Rocket*, the Court suggested that this factor weighs in favor of mandamus if a legal issue "is likely to recur, as demonstrated by the . . . decisions that have already addressed it." *Team Rocket*, 256 S.W.3d at 262. In fact, this Court has already addressed the issue of competing lawsuits where plaintiffs filed multiple suits, also relating to an oil and gas lease, against the same defendants in different courts. *Coastal Oil & Gas Corp. v. Flores*, 908 S.W.2d 517, 518 (Tex. App.—San Antonio 1995, no writ). In *Flores*, this Court, though holding that the trial court clearly abused its discretion, felt constrained by *Abor*, refused to abate the second suit, and denied mandamus relief. *Id*. at 519 Additionally, the same issue is pending before this court in *In re Coronado Energy E&P Co., L.L.C.*, No. 04-10-00748-CV (Tex. App.—San Antonio filed Oct. 19, 2010, orig. proceeding). *Coronado* is a nearly identical case to the case at hand, involving the same

underlying suit in Brooks County as this case and one of the same plaintiffs, McGill Ranch. *See id.*

Third, the present case raises similar concerns as *Team Rocket* and *Flores* because the trial court's failure to grant ExxonMobil's plea in abatement will result in an irreversible waste of resources. *See In re Team Rocket*, 256 S.W.3d at 262; *Flores*, 908 S.W.2d at 518 (acknowledging *Abor*'s constraints, but "lamenting the gross and unnecessary waste of economic and judicial resources" that was caused by the decision). In *Team Rocket*, the Court noted that a subsequent reversal of a trial court ruling that was the object of the relator's request for mandamus relief and the retrying of the case would "subject[] taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." 256 S.W.3d at 262. This concern weighed in favor of granting mandamus. *Id.* at 263. The appellate remedy for the improper denial of a plea in abatement is "virtually automatic" reversal. *Flores*, 908 S.W.2d at 519. In light of the fact that the trial court abused its discretion, a trial court judgment unfavorable to ExxonMobil will likely be reversed on appeal. *See id.* And even if ExxonMobil was to prevail below, the gross and unnecessary waste of the resources of the parties and of the judiciary could not be adequately redressed by an appellate remedy. In the suit in Brooks County, there are two entities, six individual plaintiffs acting on behalf of five different trusts and one estate, and eighteen defendants. The plaintiffs have asserted claims for property damage, trespass to the property, negligence, and various breaches of the lease agreements. In Starr County, two of the same plaintiffs have sued two of the same defendants and one additional defendant, asserting claims for violations of the Natural Resources Code, negligence, negligence per se, trespass, nuisance, breach of contract, and breach of implied covenants. Based on the

foregoing, we conclude that after applying the *Prudential* factors, mandamus relief is warranted in this case because ExxonMobil lacks an adequate remedy by appeal.

## IV.     Waiver

Finally, Encinitos contends ExxonMobil waived its right to mandamus relief by waiting four months from the time the trial court denied the motion to abate before filing its petition for writ of mandamus in this court. When analyzing whether a relator's delay in filing a mandamus prevents the writ from being issued, the Texas Supreme Court has held that "[a]lthough mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941) (orig. proceeding)). In determining if a relator's delay prevents the issuance of the writ, courts have analogized to the doctrine of laches. *In re Hinterlong*, 109 S.W.3d 611, 620 (Tex. App.—Fort Worth 2003, orig. proceeding); *Sanchez v. Hester*, 911 S.W.2d 173, 177 (Tex. App.—Corpus Christi 1995, orig. proceeding). A party asserting the defense of laches must show: (1) unreasonable delay by the other party in asserting its rights, and (2) harm resulting to the party as a result of the delay. *In re Hamel*, 180 S.W.3d 226, 230 (Tex. App.—San Antonio 2005, orig. proceeding); *In re Bahn*, 13 S.W.3d 865, 871 (Tex. App.—Fort Worth 2000, orig. proceeding).

The trial court signed the order denying the motion to abate on June 21, 2010, and on July 15, 2010, ExxonMobil moved for reconsideration. The trial court heard and subsequently denied ExxonMobil's request for reconsideration on August 25, 2010. ExxonMobil filed its petition for writ of mandamus in this court on October 22, 2010. We conclude ExxonMobil did not unreasonably delay in filing its petition for writ of mandamus in this court. *See Hamel*, 180

S.W.3d at 230. Furthermore, Encinitos fails to discuss how it was harmed as a result of any delay. *See id.* Accordingly, we conclude ExxonMobil did not waive its right to mandamus relief.

## CONCLUSION

We conclude the trial court abused its discretion in denying ExxonMobil's motion to abate. Accordingly, we conditionally grant the petition for writ of mandamus. The trial court is ordered to (1) vacate the June 21, 2010 Order Denying Defendants' Amended Motion to Abate, and (2) enter an order granting Defendants' Amended Motion to Abate. The writ will issue only if the trial court fails to comply within fourteen days.

Phylis J. Speedlin, Justice