

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00692-CV

**IN RE ARCHER DIRECTIONAL DRILLING SERVICES LLC**

Original Mandamus Proceedings[1]

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
              Marialyn Barnard, Justice
              Patricia O. Alvarez, Justice

Delivered and Filed:  December 20, 2013

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Real party in interest, JB Oil & Gas Well Service, Inc., filed a motion for rehearing on December 5, 2013. The motion is denied. However, this court's November 20, 2013, opinion is withdrawn and the following opinion is substituted to clarify the court's reasoning.

On October 7, 2013 relator Archer Directional Drilling Services LLC filed a petition for writ of mandamus complaining of the Dimmitt County District Court's order denying Archer's plea in abatement to allow an earlier filed Harris County suit to proceed under dominant jurisdiction. We conclude the trial court abused its discretion in denying the plea in abatement and conditionally grant mandamus relief.

---

[1] This proceeding arises out of Cause No. 12-12-11873-DCVAJA, styled *JB Oil & Gas Well Service, Inc. v. Archer Directional Drilling Services LLC d/b/a Archer Directional Services LLC*, pending in the 365th Judicial District Court, Dimmit County, Texas, the Honorable Amado J. Abascal III presiding.

**BACKGROUND**

The real party in interest in this original proceeding, JB Oil & Gas Well Service, Inc., is a well operator with its principal office in Frio County. Archer Directional Drilling Services is a drilling company with its principal office in Harris County. The parties entered into a drilling agreement in 2012 for Archer to conduct drilling operations on the Cordigo Naranja Well No. 1 H, located in Dimmitt County. Drilling began on the project in August 2012, but was halted soon after due to hole problems and over-budget costs. The cause of the drilling problems and which party is at fault are disputed.

Archer invoiced JB for the total cost of work completed on the well, of which JB paid only a portion. On October 18, 2012, JB sent Archer a letter advising of potential claims for breach of contract, negligence and violations of the Texas Deceptive Trade Practices Act related to the failed drilling project. JB notified Archer of its intent to pursue those claims if the matter was not resolved within sixty days. *See* TEX. BUS. & COM. CODE ANN. § 17.505(a) (West 2011) (requiring sixty days' written notice as a prerequisite to filing suit for damages under the DTPA). Archer admits receiving JB's notice letter on October 18.

Archer filed suit for breach of contract and declaratory judgment relief in Harris County on November 21, 2012. In its petition, Archer sought declarations that the parties' contract was binding and enforceable, that JB's sole remedy for any complaints regarding Archer's performance was to release Archer without notice, and that JB — not Archer — was responsible and liable for any damages incurred as a result of the drilling problems under the terms of the parties' drilling agreement. Archer also sought to recover the unpaid amounts under the contract, as well as costs of suit, interest and attorneys' fees.

JB filed suit for negligence, gross negligence, violations of the Deceptive Trade Practices Act, breach of contract, breach of express warranty and breach of implied warranty in Dimmitt

County on December 26, 2012, more than sixty days after sending its DTPA notice letter. Approximately three weeks later, Archer filed a motion to transfer venue, plea in abatement and answer in the Dimmit County suit asserting that Harris County had dominant jurisdiction because of its earlier filed suit.

During the spring and early summer of 2013, the parties engaged in discovery in the Harris County suit. The Harris County court denied JB's motions to transfer venue and to dismiss the Harris County suit and, on February 19, 2013, set Archer's case for trial in January 2014.

On September 11, 2013, the Dimmitt County case was scheduled for trial in December 2013. A hearing on Archer's plea in abatement was held on September 30, 2013. The Dimmitt County court denied Archer's plea in abatement, finding that Archer was guilty of inequitable conduct and had acted in bad faith. Archer contends in this mandamus proceeding that the Dimmitt County court abused its discretion in denying Archer's plea in abatement. We agree.

## ANALYSIS

### I. Mandamus Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

### II. Dominant Jurisdiction

"As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated." *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding) (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)). To succeed

on a motion to abate in a second-filed suit to allow a court with dominant jurisdiction to proceed, a movant must establish (1) a suit in another county was commenced first; (2) the first suit remains pending; (3) the first suit does include, or could be amended to include, all of the parties; and (4) the controversies are the same or the first suit could be amended to include all of the claims. *Id.*; *Wyatt*, 760 S.W.2d at 247.

In its response to the petition for writ of mandamus in this court, JB does not dispute that Archer has met all of these conditions. Archer's suit in Harris County preceded JB's Dimmitt County suit by several weeks, the Harris County suit remains pending at this time, it involves all of the parties in the Dimmitt County suit and could be amended to include all of JB's claims against Archer, which involve the parties' obligations and performance under the same drilling agreement. JB's sole contention in support of the trial court's denial of Archer's plea in abatement is the applicability of an exception to the general "first-filed" rule.

In *Wyatt*, the Supreme Court recognized three exceptions to the "first-filed" rule of dominant jurisdiction: (1) an inability to bring all parties before the court in the first suit; (2) a lack of intent to diligently prosecute the first-filed suit; and (3) conduct by a party that estops it from asserting prior active jurisdiction. *Wyatt*, 760 S.W.2d at 248. The exception asserted by JB in this proceeding, and the basis for the trial court's order denying Archer's plea in abatement, is that Archer engaged in inequitable conduct. Specifically, JB contends that Archer engaged in inequitable conduct in three ways: (1) Archer's decision to file suit in Harris County during the sixty-day waiting period applicable to JB under the DTPA statute contravenes the purpose of the notice provision; (2) Archer's request for declaratory relief in the Harris County suit is "little more than a re-stating of its DTPA defenses;" and (3) Archer's refusal to accept JB's conditional offer to pay the balance due on the contract demonstrates that Archer's breach of contract claim was

pretextual. The trial court's order denying Archer's plea in abatement does not address any specific conduct the court found to be inequitable.

### *The DTPA Notice Provision*

The DTPA statute requires a consumer to give written notice of a complaint "as a prerequisite to filing a suit seeking damages under Subdivision (1) of Subsection (b) of Section 17.50 of this subchapter against any person." TEX. BUS. & COM. CODE ANN. § 17.505. Nothing in the DTPA notice provision, or elsewhere in the DTPA statute, precludes a party in receipt of a DTPA notice letter from filing suit for breach of contract during the sixty-day waiting period. *See* TEX. BUS. & COM. CODE ANN. §§ 17.01-17.926 (West 2011 & Supp. 2012). Had the legislature intended for the notice period to preclude any suits between the parties, it certainly could have created a provision to that effect, but it did not. Nor have we found any case in which a party's filing suit for breach of contract after receiving a DTPA notice letter has been held to be "inequitable conduct" preventing dominant jurisdiction. Archer did not seek damages under the DTPA in its suit. In fact, Archer contends that, under the terms of the parties' drilling agreement, neither party should be able to seek relief under the DTPA. We conclude Archer's availing itself of its Constitutional right to access the courts to remedy an alleged injury does not constitute the "inequitable conduct" required for an exception to the general "first-filed" rule. *See* TEX. CONST. art. I, § 13.

### *Declaratory Judgment Action*

JB also contends that Archer's request for declaratory relief in the Harris County suit was based solely on matters defensive to JB's DTPA claims. Thus, Archer should not be permitted to use its declaratory judgment action to deprive JB Oil of the right to choose the time and place of suit. This argument ignores the fact that Archer's Harris County suit also asserts a legitimate, albeit disputed, claim for breach of contract. Archer sought declarations that the parties' agreement was

legally enforceable and binding on the parties and that the sole remedy provision precluded JB's attempt to place liability on Archer. Archer's request to have the court interpret the contract as part of its suit for breach does not constitute the "inequitable conduct" required for an exception to the general "first-filed" rule. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 668-69 (Tex. 2009) (declining to extend the bar against declarations of non-liability to contract cases).

### *Offer to Pay*

Finally, JB contends that Archer's refusal to accept its offer to pay the balance remaining under the contract illustrates that Archer's breach of contract claim is pretextual. The record reveals that JB's offer, which did not come until six months after Archer sued in Harris County, was far from an unconditional tender. *See Baucum v. Great Am. Ins. Co. of New York*, 370 S.W.2d 863, 866 (Tex. 1963) (defining tender as an unconditional offer and relinquishment of possession). As we have discussed, Archer had a right to file suit for breach of contract in the county of its choice. JB's conditional tender in May 2013 cannot, as a matter of law, render Archer's decision to file suit in November 2012 — which also sought recovery of additional damages and declaratory relief — "inequitable conduct."

Archer has established dominant jurisdiction in Harris County and we conclude there is no basis in law for the application of an exception to the general rule of dominant jurisdiction in this case. The Dimmitt County court abused its discretion in denying Archer's plea in abatement on the basis of inequitable conduct.

### III. Adequate Remedy by Appeal

The Supreme Court has held that mandamus relief is not always available to address a trial court's refusal to abate a suit based on dominant jurisdiction. *Abor v. Black*, 695 S.W.2d 564, 566-67 (Tex. 1985). In *Abor*, the Court held mandamus was only available to review pleas in abatement where a conflict exists because one court has issued an order that actively interferes with the

jurisdiction of the court possessing dominant jurisdiction. *Id*. In *Perry v. Del Rio*, the Supreme Court held that a trial court's order setting a case for trial creates such an active interference and the court with dominant jurisdiction should be permitted to proceed first. *Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001).

The Dimmitt County docket control order setting the case for trial in December 2013 creates an interference with the preceding Harris County docket control order setting the case for trial in January 2014. Because we conclude the Harris County court has dominant jurisdiction, the case pending there should proceed first. *Id*. An appellate remedy in these circumstances would be inadequate and mandamus relief is warranted. *See id*.; *ExxonMobil*, 340 S.W.3d at 859 ("The appellate remedy for the improper denial of a plea in abatement is 'virtually automatic' reversal.") (quoting *Coastal Oil & Gas Corp. v. Flores*, 908 S.W.2d 517, 519 (Tex. App.—San Antonio 1995, no writ)).

## CONCLUSION

To avoid a multiplicity of suits and the accompanying waste of judicial resources cautioned against in *Wyatt* and to preserve Archer's procedural right to choose the location of its suit for breach of contract and declaratory relief, we conditionally grant the petition for writ of mandamus. *See Prudential*, 148 S.W.3d at 136; *Wyatt*, 760 S.W.2d at 246-47; *ExxonMobil*, 340 S.W.3d at 857-59. The Dimmitt County trial court is ordered to (1) vacate its September 30, 2013 Order Denying Defendant's Plea in Abatement, and (2) enter an order abating all proceedings pending final disposition of the Harris County suit. The writ will issue only if we are advised the trial court has not complied.

Karen Angelini, Justice