

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00718-CV

**IN RE** Leticia R. **BENAVIDES**

Original Mandamus Proceeding[1]

| | |
|---|---|
| Opinion by: | Karen Angelini, Justice |
| Sitting: | Karen Angelini, Justice |
| | Sandee Bryan Marion, Justice |
| | Marialyn Barnard, Justice |

Delivered and Filed: December 10, 2014

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On October 16, 2014, relator Leticia R. Benavides filed a petition for writ of mandamus complaining of the County Court at Law's order denying her plea in abatement. Leticia filed the plea in abatement seeking to allow an earlier filed suit pending in a Webb County district court to proceed under dominant jurisdiction. We conclude the trial court abused its discretion in denying Leticia's plea in abatement and conditionally grant mandamus relief.

## BACKGROUND

The 2004 marriage of Carlos Y. Benavides Jr. and Leticia R. Benavides is the subject of a suit for divorce currently pending in County Court at Law No. 2 in Webb County, Texas. The parties to the divorce action are involved in multiple lawsuits involving numerous parties in

---

[1] This proceeding arises out of Cause No. 2012CVG001995-C3, styled *In the Matter of the Marriage of Carlos Y. Benavides Jr. and Leticia R. Benavides*, pending in the County Court at Law No. 2, Webb County, Texas, the Honorable Jesus Garza presiding.

various courts in Webb County. Only two of those proceedings are relevant to the questions presented in this mandamus: whether the trial court abused its discretion in denying Leticia's plea in abatement filed in the divorce action.

In February 2012, Texas Community Bank filed an interpleader action in the 49th District Court, Webb County, Texas. The Bank sought to interplead funds from various accounts allegedly belonging to Leticia and Carlos due to competing claims being made against those funds by Shirley Hale Mathis and Leticia. Leticia and Mathis, in her capacity as guardian of Carlos's estate, were the initial named defendants in the interpleader action.[2]

In October 2012, Carlos's personal representatives, Mathis and Alexander, filed an original petition for divorce on his behalf in County Court at Law No. 1.[3]

In the interpleader action, Leticia subsequently filed cross-claims against Mathis, in her capacity as guardian, for breach of contract, tortious interference, money had and received, and under the Texas Theft Liability Act. Leticia also sought declaratory judgment as to her rights and status under an existing trust, and asserted claims against additional financial institutions and other parties, including Linda Cristina Benavides Alexander, in her capacity as guardian of Carlos's person.

Leticia filed her plea in abatement in the County Court in July 2013. In her plea, Leticia asserted the 49th District Court has dominant jurisdiction over Carlos and Leticia's marital property assets as a result of the claims pending in the interpleader action, and has concurrent

---

[2] Shirley Hale Mathis was appointed permanent guardian of Carlos Y. Benavides Jr.'s estate in 2013 in a guardianship proceeding, Cause No. 2011PB6-81-L2, also pending in County Court at Law No. 2. Linda Cristina Benavides Alexander was appointed permanent guardian of Carlos Y. Benavides Jr.'s person. The County Court prevented Leticia from participating in the guardianship proceeding based upon a finding of adverse interest. The guardianship case is independent from the underlying divorce proceeding.

[3] The action was later transferred to County Court No. 2 for reasons not pertinent to this proceeding.

jurisdiction to determine the issues raised by the divorce action. Leticia sought to abate the divorce proceeding in County Court in favor of the interpleader action pending in the 49th District Court.

After a hearing, the County Court denied Leticia's plea in abatement on September 16, 2014. Approximately three weeks later, the County Court set the divorce action for jury trial to begin on December 8, 2014. Leticia filed this mandamus petition shortly thereafter.[4]

## ANALYSIS

### I. Mandamus Standard of Review

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). A clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840. To satisfy the clear abuse of discretion standard, a relator must show that the trial court "could reasonably have reached only one decision." *Id*.

### II. Dominant Jurisdiction

"As a general rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has dominant jurisdiction, and the other case should be abated." *In re ExxonMobil Prod. Co.*, 340 S.W.3d 852, 856 (Tex. App.—San Antonio 2011, orig. proceeding) (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)). To succeed on a motion to abate in a second-filed suit to allow a court with dominant jurisdiction to proceed, a movant must establish (1) a suit in another court was commenced first; (2) the first-filed suit remains pending; (3) the first-filed suit does include, or could be amended to include, all of the

---

[4] Mathis and Alexander, in their representative capacities, have filed a separate mandamus proceeding which is also currently pending in this court. In their mandamus petition, Mathis and Alexander challenge the district court's June 12, 2014 order denying their plea to abate the interpleader action in favor of the divorce proceeding.

parties; and (4) the controversies are the same or the first-filed suit could be amended to include all of the claims. *Id.*; *Wyatt*, 760 S.W.2d at 247.

In response to the petition for writ of mandamus in this court, the real parties in interest, Mathis and Alexander on behalf of Carlos, do not dispute that the requirements established in *Wyatt* to succeed on a plea in abatement have been met: the interpleader action pending in the 49th District Court preceded the divorce action filed in the County Court at Law by approximately eight months, remains pending at this time, involves all of the parties to the divorce proceeding and either includes or could be amended to include all of the issues to be determined in the divorce.

Mathis and Alexander contend that dominant jurisdiction should not apply here because a petition for divorce is not a compulsory counterclaim to an interpleader action. While it is true that a claim in a second-filed suit which would be a compulsory counterclaim to a pending first-filed suit is among those subject to abatement on the basis of dominant jurisdiction, it is not the only type of claim subject to abatement. The Supreme Court in *Wyatt* makes it clear that when the subject matter of the two suits is inherently interrelated, and the first-filed suit can be amended to include all of the parties and issues present in the second, a plea in abatement in the second suit must be granted. *Wyatt*, 760 S.W.2d at 247. Both suits between these parties seek determination of the parties' rights with respect to the Benavides' marital assets. Mathis and Alexander fail to demonstrate why the interpleader suit could not be amended to include the issues to be decided in the divorce. We conclude there is an inherent interrelation of the subject matter of the two pending suits, and we see no reason why the suit in district court could not be amended to include all of the claims pending in the divorce action.

The real parties in interest also argue that the issues raised by Leticia's pleadings in the interpleader action have, at least in part, already been resolved by another court in yet another lawsuit involving these parties. Assuming this representation is accurate, which we do not address

here, it may provide an argument as to the validity of Leticia's claims on the merits in the interpleader action, but it has no effect on our analysis of which court has dominant jurisdiction.

In *Wyatt*, the Supreme Court recognized three exceptions to the "first-filed" rule of dominant jurisdiction: (1) an inability to bring all parties before the court in the first suit; (2) a lack of intent to diligently prosecute the first-filed suit; and (3) conduct by a party that estops it from asserting prior active jurisdiction. *Wyatt*, 760 S.W.2d at 248.

Mathis and Alexander make the argument that Leticia cannot "manufacture" dominant jurisdiction in the district court merely by her pleading amendments in that case. The real parties appear to argue that Leticia included certain claims or parties in her cross-claims for the purpose of creating a relationship between the interpleader action and the divorce. We disagree. The interrelation between the two pending suits existed, at least in part, prior to Leticia's cross-claims. The interpleader action initially sought the district court's determination of the parties' rights to marital assets—an issue which would necessarily need to be determined in the context of the divorce and associated division of property. The fact that Leticia's cross-claims expanded the number of issues which might overlap between the two proceedings does not prevent her from seeking to abate the second-filed suit on the basis of dominant jurisdiction. *See id.* at 247 (inherent interrelation does not require that all issues be included in the first action before the second is filed, only that the first could be amended to bring them into the first suit).

Leticia has established dominant jurisdiction in the 49th District Court and we conclude there is no basis in law for the application of an exception to the general rule of dominant jurisdiction in this case. The County Court at Law abused its discretion in denying Leticia's plea in abatement.

### III. Adequate Remedy by Appeal

The Supreme Court has held that mandamus relief is not always available to address a trial court's refusal to abate a suit based on dominant jurisdiction. *Abor v. Black*, 695 S.W.2d 564, 566-67 (Tex. 1985). In *Abor*, the Court held mandamus was only available to correct a trial court's refusal to sustain a proper plea in abatement where a conflict of jurisdiction exists. *Id*. at 567 (*citing Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)). Such a conflict may arise where the second court issues an order that actively interferes with the jurisdiction of the court possessing dominant jurisdiction. *Id*. In *Perry v. Del Rio*, the Supreme Court held that a trial court's order setting a case for trial may create such an active interference, and the court with dominant jurisdiction should be permitted to proceed first. *Perry v. Del Rio*, 66 S.W.3d 239, 258 (Tex. 2001).

The County Court order setting the divorce case for trial in December 2014 creates an interference with the District Court's ability to proceed to trial first. Because we conclude the 49th District Court has dominant jurisdiction, the case pending there should proceed to trial first. *Id*. An appellate remedy in these circumstances would be inadequate and mandamus relief is warranted. *See id*.; *ExxonMobil*, 340 S.W.3d at 859 ("The appellate remedy for the improper denial of a plea in abatement is 'virtually automatic' reversal.") (quoting *Coastal Oil & Gas Corp. v. Flores*, 908 S.W.2d 517, 519 (Tex. App.—San Antonio 1995, no writ)).

### CONCLUSION

To avoid a multiplicity of suits and the accompanying waste of judicial resources cautioned against in *Wyatt* and to preserve Leticia's procedural right to choose the location of her affirmative claims, we conditionally grant the petition for writ of mandamus. *See Prudential*, 148 S.W.3d at 136; *Wyatt*, 760 S.W.2d at 246-47; *ExxonMobil*, 340 S.W.3d at 857-59. The County Court at Law is ordered to (1) vacate its September 16, 2014 Order Denying Respondent's Plea in Abatement, and (2) enter an order abating all proceedings in Cause No. 2012-CVG-001995-C3, styled *In the*

*Matter of the Marriage of Carlos Y. Benavides Jr. v. Leticia R. Benavides* pending final disposition of the interpleader suit pending in the 49th District Court, Webb County, Texas, Cause No. 2012-CVQ-000161-D3, styled *Texas Community Bank, N.A. v. Shirley Hale Mathis, Temporary Guardian of Carlos Y. Benavides Jr. in Cause No. 2011-PB6-00008-L2, and Leticia Benavides*. The writ will issue only if we are advised the trial court has not complied as directed.

Karen Angelini, Justice