ACCEPTED
05-15-01159-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/4/2015 4:26:39 PM
LISA MATZ
CLERK

NO. 05-15-01159-CV

### IN THE COURT OF APPEALS
### FOR THE FIFTH JUDICIAL DISTRICT
### DALLAS, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/4/2015 4:26:39 PM
LISA MATZ
Clerk

IN RE FORT APACHE ENERGY, INC.,
ALLAN P. BLOXSOM, AND
DRILLING RISK MANAGEMENT, INC.,

*Relators*

On Petition for Writ of Mandamus
from the 162nd District Court
of Dallas County, Texas

### REPLY IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS

Charles J. Cain
State Bar No. 00796292
ccain@cstrial.com
Zachary H. Bowman
State Bar No. 24073944
zbowman@cstrial.com
**CAIN & SKARNULIS PLLC**
400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**COUNSEL FOR RELATORS
FORT APACHE ENERGY, INC.,
ALLAN P. BLOXSOM, AND
DRILLING RISK MANAGEMENT, INC.**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

Table of Contents ................................................................................................... i

Index of Authorities .............................................................................................. ii

I.      Introduction ................................................................................................ 1

II.     Argument .................................................................................................... 3

      A.      The claims asserted in Dallas County concern the same contracts that form the basis of Relator's lawsuit in Kendall County ....................................................................................... 3

            1.      Huddleston's response confuses venue and dominant jurisdiction ................................................. 4

            2.      Huddleston mischaracterizes the nature of Fort Apache's lawsuit in Kendall County .......................... 5

            3.      The lawsuits are so intertwined that resolving the Dallas County lawsuit will resolve the Kendall County lawsuit and eliminate Fort Apache's right to choose its venue as Plaintiff ..................................... 6

      B.      The failure to order abatement of a second-filed lawsuit that has ordered a trial date earlier than the first-filed lawsuit is an abuse of discretion for which there is no adequate appellate remedy ............ 8

Conclusion and Prayer ......................................................................................... 10

Certificate of Counsel .......................................................................................... 11

Certificate of Compliance .................................................................................... 11

Certificate of Service ........................................................................................... 12

i

# INDEX OF AUTHORITIES

**CASES**                                                                                                                    **PAGE(S)**

*Curtis v. Gibbs*,
    511 S.W.2d 263 (Tex. 1974) ...................................................................... 4

*GeoChem Tech Corp. v. Verseckes*,
    962 S.W.2d 541 (Tex. 1998) ...................................................................... 4

*Gonzalez v. Reliant Energy, Inc.*,
    159 S.W.3d 615 (Tex. 2005) ...................................................................... 5

*In re ExxonMobil Production Co.*,
    340 S.W.3d 852 (Tex. App.—San Antonio 2011,
    orig. proceeding [mand. denied]) ........................................................ 8, 9, 10

*In re King*,
    No. 05-15-01035-CV, 2015 WL 6334672
    (Tex. App.—Dallas Oct. 22, 2015) (mem. op.) ........................................... 1, 2

*In re Prudential Ins. Co. of Am.*,
    148 S.W.3d 124 (Tex. 2004) (orig. proceeding) ................................... 2, 8, 9

*In re Puig*,
    351 S.W.3d 301 (Tex. 2011) ...................................................................... 8

*Perry v. Del Rio*,
    66 S.W.3d 239 (Tex. 2001) ........................................................................ 8

*Team Rocket*,
    256 S.W.3d 257 (Tex. 2008) (orig. proceeding) ......................................... 10

*Tindle v. Jackson Nat'l Life Ins.*,
    837 S.W.2d 795 (Tex. App.—Dallas 1992, no writ) ..................................... 7

*Wyatt v. Shaw Plumbing Co.*,
    760 S.W.2d 245 (Tex. 1988) ...................................................................... 5

TO THE HONORABLE COURT OF APPEALS:

Fort Apache Energy, Inc., Allan P. Bloxsom, and Drilling Risk Management, Inc. (collectively, Relators) file this Reply in Support of their Petition for Writ of Mandamus and respectfully ask the Court to issue a writ of mandamus commanding the 162nd Judicial District Court of Dallas County to vacate its order of August 7, 2015, and enter an order granting Relators' motion to abate the second filed proceeding in favor of a first-filed proceeding in Kendall County.

## I. INTRODUCTION

This Court recently denied mandamus in the distinguishable case of *In re King*, No. 05-15-01035-CV, 2015 WL 6334672 (Tex. App.—Dallas Oct. 22, 2015) (mem. op.). This Court held in *King* that the denial of abatement of a second-filed suit was not an abuse of discretion because the first-filed suit was in a Harris County justice court and the justice court could not have subject matter jurisdiction over a counterclaim for more damages than was subsequently filed in Collins County District Court. *Id.* at *4.

That situation does not exist here. Huddleston Exploration Limited Liability Company (Huddleston), as the real party in interest, can still assert his Dallas County claims as counterclaims in Kendall County without running afoul of subject matter jurisdiction, and in fact, is required to under the compulsory

1

counterclaim analysis that courts have used when ordering abatement of second-filed suits. Despite Huddleston asserting *more* claims in Dallas County, those claims still concern the same contracts at issue in Fort Apache's lawsuit in Kendall County, and must be brought there.

In *King*, this Court also recognized the disparate authority on whether the denial of abatement warrants mandamus relief, but because the lower court had not abused its discretion, this Court saved the issue for another day. *Id.* at 3. That day is here. The denial of abatement in this case warrants mandamus relief for two reasons. First, the Dallas County District Court has set the second filed suit for trial before trial in the first filed suit in Kendall County, thus disturbing the dominant jurisdiction of the Kendall County Court. Second, the mandamus standards announced in *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding), have led courts of appeal to hold that denial of a proper abatement is not adequately addressed by appeal due to the waste of time and resources that occur when proceeding to trial in a case that should have been abated.

Huddleston's lawsuit in Dallas County has been pursued in an effort to avoid the venue determinations of the Kendall County Court, which has twice denied Huddleston's motions to transfer venue and its motion to abate the Kendall County proceeding. Because the Dallas County District Court abused its discretion in

2

denying Relator's proper motion to abate, and has set trial prior to the court with dominant jurisdiction, this Court should issue a writ of mandamus commanding the 162nd Judicial District Court of Dallas County to vacate its order denying a proper motion for abatement.

## II.     ARGUMENT

### A.     The claims asserted in Dallas County concern the same contracts that form the basis of Relator's lawsuit in Kendall County.

Both the lawsuit in Kendall County and the lawsuit in Dallas County concern the contracts regarding the Williams #1 Well in Louisiana and the dispute over unpaid drilling and completion costs between Huddleston and Fort Apache. Huddleston has attempted to argue that the Kendall County lawsuit solely concerns a "stand-alone" agreement and can proceed independently. This assertion is contradicted by Huddleston's own admissions below regarding the intertwined nature of the two lawsuits. If the Kendall County claims could proceed independently, then the question begs asking as to why Huddleston twice pursued a transfer of venue in Kendall County and argued that the claims there should be determined with its own lawsuit in Dallas County.

Fort Apache filed suit in Kendall County after Huddleston defaulted on a Payment Agreement that was meant to establish certain payment deadlines and resolve conflicts among the parties over the payment of drilling and completion costs that Huddleston owed to Fort Apache pursuant to a Participation Agreement

3

and Joint Operating Agreement. App. G, Ex. A [Fort Apache's Original Petition (Kendall County)]. That is why Fort Apache attached all three agreements to its Original Petition in Kendall County. App. G, Ex. A [Original Petition] with attached Exs. A, B and C. In fact, the remedy Fort Apache sought in its Original Petition in Kendall County was foreclosure of Huddleston's interest in the Well pursuant to a section within the Joint Operating Agreement. App. G, Ex. A, at ¶ 16. Fort Apache has since amended its petition to assert it seeks the unpaid drilling and completion costs as damages and seeks declarations regarding the parties' several contracts. Therefore, while the Payment Agreement may have formed the primary basis for *venue* in Kendall County, it was not the only agreement that formed the basis of Fort Apache's *lawsuit* in Kendall County.

### 1. Huddleston's response confuses venue and dominant jurisdiction.

Huddleston argues in its Response that venue and dominant jurisdiction are related concepts. Response, at 10. While the concepts are related, the application of each concept requires a different analysis. Venue can be proper in multiple counties, but only one court can have dominant jurisdiction over a dispute. *See GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998). Once venue is determined to be proper, that court acquires dominant jurisdiction to the exclusion of all other counties of equal stature. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974). Therefore, Huddleston's argument that *more* of the contracts at

4

issue were negotiated in Dallas County in opposition to Realtors' motion to abate that proceeding is irrelevant. Kendall County properly determined that a substantial part of the transactions at issue occurred in Kendall County, which is why it twice denied Huddleston's motion to transfer venue to Dallas.

Huddleston's continued focus on where more of the contracts were executed ignores the analysis required for abatement and dominant jurisdiction. "The court in which suit is first filed generally acquires dominant jurisdiction to the exclusion of other courts *if* venue is proper in the county in which suit was first filed." *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005) (emphasis in original). "As long as the forum is a proper one, it is the plaintiff's privilege to choose the forum." *Id*. (quoting *Wyatt*, 760 S.W.2d at 248). Plaintiff's choice of venue in Kendall County should be honored under long-standing Texas law, and Huddleston clouds the issue of abatement by arguing which agreements were executed in Dallas County. Because all of the agreements relate to the Williams #1 Well in Louisiana, the disputes concerning those agreements must be litigated in the same venue.

### 2. Huddleston mischaracterizes the nature of Fort Apache's lawsuit in Kendall County.

Huddleston misstates the record by arguing that Fort Apache "sought adjudication only of the Napkin Agreement, not the three contracts," and that

5

"Huddleston meanwhile brought suit related to the three contracts, not the Napkin Agreement." Response, at 9. This is simply not true.

As explained above, Fort Apache sought the remedy of forfeiture of Huddleston's interest in the Williams #1 Well pursuant to a provision within the Joint Operating Agreement. *See* App. G, Ex. A, at ¶ 16. At the same time, Huddleston sought remedies against enforcement of the Kendall County Payment Agreement in its suit in Dallas County. Therefore, both lawsuits concern the same series of transactions between the parties. Huddleston claims below that the Kendall County Payment Agreement was the product of duress and fraud: defenses that should clearly be the subject of Fort Apache's suit to enforce the Payment Agreement in Kendall County. App. A [Huddleston's Original Petition]; ¶ 74; App. B [Huddleston's Second Amended Petition], ¶¶ 72-81. Huddleston even states in its Response to this Petition for Writ of Mandamus that "[a]s the cases are currently postured, after the parties have amended their pleadings in both venues, the disputed facts are the same in both cases." Response, at 9. Relators are hard pressed to find a more conciliatory admission of the necessity of abatement.

3. **The lawsuits are so intertwined that resolving the Dallas lawsuit will resolve the Kendall County lawsuit and eliminate Fort Apache's right to choose its venue as plaintiff.**

Huddleston also mistakenly argues in its Response that "[t]here should be no concern about the courts reaching inconsistent judgments because the parties'

6

complaints, as originally filed, do not concern the same contracts and do not involve essential facts that are significantly and logically related." Response, at 9-10. However, Huddleston expressed the exact opposite in the Kendall County Court when seeking a transfer of venue:

> The handwritten document [Payment Agreement] must be read in conjunction with both the Participation Agreement and Operating Agreement that form the relationship between Huddleston and Fort Apache. Both of those contracts were negotiated in Dallas County in June 2012, and they were both to be performed in Louisiana.

*See* App. G [Relator's Amended Verified Motion to Abate], Ex. B [Huddleston's Motion to Transfer Venue], at 2. Huddleston also admitted the cases were intertwined at the hearing on Relator's Plea to the Jurisdiction in Dallas County:

> [Huddleston's counsel]: Additionally, our case that does involve three contracts as well as ongoing fraud and extortion from the defendants in this case, does also resolve all of the claims that are in Kendall County.

App. I [Huddleston's Response to Defendants' Amended Verified Motion to Abate], Ex. B [Transcript of May 5, 2015], at p. 11:14-17.

The lawsuits in Kendall and Dallas Counties involve the same series of transactions and common nucleus of operative facts, the agreements between Fort Apache and Huddleston regarding the Williams #1 Well in Louisiana. *See Tindle v. Jackson Nat'l Life Ins.*, 837 S.W.2d 795, 798 (Tex. App.—Dallas 1992, no writ). The trial court's denial of abatement constitutes an abuse of discretion.

7

**B.** **The failure to order abatement of a second filed suit that has ordered a trial date earlier than the first-filed suit is an abuse of discretion for which there is no adequate appellate remedy.**

Although courts before *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding) held that the denial of mandamus relief could typically be addressed by appeal, courts over the past ten years have assessed the realities of proceeding to trial in a proceeding that should have been abated as a waste of time and resources for all parties involved. *See, e.g., In re ExxonMobil Production Co.*, 340 S.W.3d 852, 859 (Tex. App.—San Antonio, 2011, orig. proceeding [mand. denied]) (holding that the Texas Supreme Court rejected rigid application of mandamus principals in *Prudential* and that the denial of a proper motion to abate warrants mandamus relief). That is particularly true where the case that should have been abated will proceed to trial before the court with dominant jurisdiction, as is the case here. *See In re Puig*, 351 S.W.3d 301, 306 (Tex. 2011) ("[W]hen a court issues an order which actively interferes with the exercise of jurisdiction by a court possessing dominant jurisdiction, mandamus relief is appropriate."); *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) (holding that the second filed suit having an earlier trial date conflicted with the exclusivity of the other court's dominant jurisdiction and warranted mandamus).

Relators have no adequate appellate remedy if they must proceed to trial in Dallas County and then potentially deal with Huddleston asserting *res judicata* in

Kendall County. Essentially, Fort Apache's right to choose venue as a plaintiff in Kendall County will be rendered moot by being forced to proceed to trial in a second-filed suit before trial in its own first-filed suit.

In *Prudential*, the Texas Supreme Court held that cases warranting mandamus relief cannot be split into generally accepted categories; the consideration of whether to grant mandamus relief must depend on the facts of the case. *Prudential*, 148 S.W.3d at 136 ("This determination is not an abstract or formulaic one; it is practical and prudential. It resists categorization . . ."). "Rigid rules are necessarily inconsistent with the flexibility that is the remedy's principal virtue." *Id.* The Texas Supreme Court's prior holding in *Abor v. Black*, relied upon by Huddleston, "is an example of the type of rigid rule that *Prudential* rejected." *ExxonMobil*, 340 S.W.3d at 859 ("Limiting mandamus relief as per *Abor* precludes the flexibility of the remedy in plea in abatement cases because *Abor*'s holding fails to account for any case-by-case consideration of the benefits and detriments of mandamus review.").

The Texas Supreme Court recently reinforced this view in *In re Team Rocket*, when it granted mandamus relief to correct a trial court's refusal to enforce a prior venue ruling by another trial court. In *Team Rocket*, mandamus was proper because it "spared [the] litigants and [the] public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'"

9

*Team Rocket*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (citing *Prudential*, 148 S.W.3d at 136). Mandamus is proper here for the same reason. If the Dallas County lawsuit proceeds to trial before the Kendall County lawsuit, it will be a waste of time and resources because the judgment cannot stand on appeal. *See ExxonMobil*, 340 S.W.3d at 859 ("The appellate remedy for the improper denial of a plea in abatement is virtually automatic reversal." (internal quotes omitted)).

## CONCLUSION AND PRAYER

For these reasons, Relators Fort Apache Energy, Inc., Allan P. Bloxsom, and Drilling Risk Management, Inc. respectfully request this Court grant their Petition and issue a writ of mandamus directing the Dallas County District Court to vacate its order signed on August 7, 2015, sign an order abating the Dallas County litigation, and for such other and further relief to which they may be entitled.

Respectfully submitted,

*/s/ Charles J. Cain*
Charles J. Cain
State Bar No. 00796292
ccain@cstrial.com
Zachary H. Bowman
State Bar No. 24073944
zbowman@cstrial.com

400 W. 15th Street, Suite 900
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**COUNSEL FOR RELATORS**
**FORT APACHE ENERGY, INC.,**
**ALLAN P. BLOXSOM, AND DRILLING**
**RISK MANAGEMENT, INC.**

## CERTIFICATE OF COUNSEL

I certify that I have reviewed this Reply in Support of Petition for Writ of Mandamus and that every factual statement in the Petition is supported by competent evidence included in the Appendix or Mandamus Record.

*/s/ Charles J. Cain*
Charles J. Cain

## CERTIFICATE OF COMPLIANCE

I certify that this Brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Texas Rule of Appellate Procedure 9.4(i), if applicable, because it contains 2285 words, excluding any parts exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Charles J. Cain*
Charles J. Cain

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply in Support of Petition for Writ of Mandamus has been forwarded to all counsel of record in accordance with the Texas Rules of Appellate Procedure on this 4th day of November 2015, as follows:

| Method of Service | Party(ies) | Counsel |
|---|---|---|
| *E-service* | Respondent | The Honorable Phyllis Lister Brown<br>162nd Judicial District Court<br>George L. Allen, Sr. Courts Building<br>600 Commerce Street, Suite 440<br>Dallas, Texas 75202<br>Mthomas@dallascourts.org |
| *E-service* | Counsel for Real Party in Interest | Jerry D. Bullard<br>jdb@all-lawfirm.com<br>**ADAMS, LYNCH & LOFTIN, P.C.**<br>3950 State Highway 360<br>Grapevine, Texas 76051<br>817-552-7742<br>817-328-2942—Facsimile<br><br>John Holman Barr<br>jbarr@bbarr.com<br>M. Forest Nelson<br>fnelson@bbarr.com<br>**BURT BARR & ASSOCIATES, L.L.P.**<br>P. O. Box 223667<br>Dallas, Texas 75222-3667<br>214-943-0012<br>214-943-0048—Facsimile |

*/s/ Charles J. Cain*

Charles J. Cain